[S. F. No. 1990. Department Two. — May 29, 1901.]

## MABEL B. ANDRUS, Administratrix, etc., Respondent, v. SARAH M. SMITH, Administratrix, etc., Appellant.

QUIETING TITLE — FINDING — PRESCRIPTIVE TITLE OF PLAINTIFF — CON-FLICTING EVIDENCE. — In an action to quiet title, based upon a pre-scriptive title in the plaintiff as against the defendant, a finding in favor of the plaintiff will not be disturbed upon appeal, where the evidence was conflicting, and there is any substantial evidence to support it.

ID. — ADVERSE POSSESSION — DEED FROM PARTY IN POSSESSION. — An entry under a deed, purporting to convey the title to a tract of land, made by one in possession of the property, is strong evidence of adverse possession, and tends to show a claim adverse to all the world.

ID. — CONTINUOUS POSSESSION — CONSTRUCTIVE POSSESSION UNDER DEED. — Where the land so deeded was used for the ordinary purposes of the occupant for the full period of prescription, and the occupant paid all taxes thereupon, the fact that the fence was sometimes torn down or out of repair does not show that the possession was not continuous; but, in such case, the actual possession of part of the land deeded gave constructive possession of the whole tract de-scribed in the deed.

ID. — AMENDMENT OF COMPLAINT AFTER SUBMISSION — SETTING ASIDE SUBMISSION — FURTHER EVIDENCE. — It was proper for the court to allow the plaintiff to amend the complaint, after the submission of the cause, before the decision thereof, and to set aside the submis-sion, and allow further evidence to be given, in furtherance of jus-tice, and for the purpose of having the case disposed of upon its merits.

APPEAL from a judgment of the Superior Court of Ala-meda County and from an order denying a new trial. S. P. Hall, Judge.

The facts are stated in the opinion.

C. W. Cross, for Appellant.

W. J. Robinson, and Robinson & Miller, for Respondent.

COOPER, C. — This is an appeal from a judgment in favor of plaintiff and from an order denying the defendant's motion for a new trial.

The action was brought for the purpose of quieting plaintiff's ·

title to the lots described in the complaint, situated in the city
of Alameda. The plaintiff relied on title by adverse posses-
sion. The court found that plaintiff's testate, "ever since the
sixteenth day of April, A. D. 1885, and up to the sixth day of
June, A. D. 1895, . . . has been and was in the exclusive, open,
and notorious occupancy and possession of" the lands described
in the complaint.

Defendant claims that this finding is not supported by the
evidence, for the reason that the evidence does not show the
possession to have been adverse and continuous for five years.
This is the only material point in the case. We think the evi-
dence is sufficient to support the finding.

The evidence was to some extent conflicting, but the judge
of the court below heard it as it fell from the lips of the wit-
nesses. He observed their conduct and manner while testify-
ing, and was therefore much better able to pass upon their
credibility and arrive at the truth, than we can possibly be
from the written record. All presumptions here are in favor
of the finding, and we cannot, under the well-settled rule, dis-
turb it, if there is any substantial evidence to support it. The
evidence shows that on April 8, 1885, one Rachael Frazier was
in the peaceable and undisputed possession of the lots, and
had them fenced; that on said date she executed to W. R.
Andrus (plaintiff's testate) a deed of said premises, which
deed was acknowledged and recorded on April 16, 1885; that
the said Andrus went into possession of the lots under the
deed. It was a grant, bargain, and sale deed, and described
the lots in contest here, and no other property.

The title of plaintiff's testate was therefore founded upon a
written instrument, and in such case land is deemed to have
been possessed and occupied, — "1. Where it has been usually
cultivated or improved; 2. Where it has been protected by a
substantial inclosure; 3. Where, although not inclosed, it has
been used for the supply of fuel, or of fencing timber for the
purposes of husbandry, or for pasturage, or for the ordinary
use of the occupant." (Code Civ. Proc., sec. 323.)

The entry, therefore, by Andrus, under a deed purporting to
convey the title, made by one in possession of the property,
is a significant circumstance, tending to show a claim adverse
to all the world. As said in *Unger* v. *Mooney*, 63 Cal. 593,[1]

[1] 49 Am. Rep. 100.

"This is strong evidence of an ouster or disseisin. It bears the appearance of a declaration by the grantee that his entry under the deed is for himself exclusively, and not for another; that he enters in his own exclusive right."

There is no conflict here as to the deed and entry thereunder. The undisputed evidence shows that continuously after the entry under the deed the grantee paid all the taxes of every kind upon the lots. There was evidence that the plaintiff's testate used the land, piled lumber upon it, kept up the fence surrounding it, built a cesspool thereon, employed a carpenter to keep the fence in repair; that the fence was kept up the most of the time, but at times was destroyed by the schoolboys pulling off the pickets or breaking the boards, but was up at the time of Andrus's death; that a tenant of Andrus kept a cow on the land while inclosed. In the season of 1886, Andrus had the land plowed and planted in potatoes. He had a cowshed built on the property, for holding feed and for storage.

The witness Waltz testified that he had known the property since 1868, and that Mrs. Frazier lived there until Andrus bought the place. The witness further said: "My orders from Mrs. Andrus were to keep the fence in good order; and whenever I saw it out of repair, I would go and fix it. During those times that I have testified that the boards were taken off the fence, they did not remain off any considerable length of time. My place was right in the next block. As a matter of fact, this fence remained in substantial repair until Mr. Andrus's death." Andrus died in June, 1895.

The fact that Andrus held possession for over ten years, and paid all the taxes upon the land, is evidence of his claim of right. The fact that the fence was at times torn down and out of repair does not, of itself, show that the possession was not continuous. The land was used for the ordinary purposes of the occupant.

It was said by Judge Field in *Coryell* v. *Cain*, 16 Cal. 574: "By actual possession is meant a subjection to the will and dominion of the claimant, and is usually evidenced by occupation, by a substantial inclosure, by cultivation, or by appropriate use, according to the particular locality and quality of the property."

It has been held that where the property is in some way subjected to the will and control of the claimant, that an inclosure is not always necessary. (*Hicks* v. *Coleman*, 25 Cal.

122;[1] *McCreery* v. *Everding*, 44 Cal. 246, 252; *Sheldon* v. *Mull*, 67 Cal. 299.)

In case of grazing-land in a grazing country, herding sheep upon it would be "an appropriate use, according to the particular locality and quality of the property." (*Webber* v. *Clarke*, 74 Cal. 15.)

And where a party enters, under color of title, and has actual possession of a part of the whole tract, he has constructive possession of the whole. (*Webber* v. *Clarke*, 74 Cal. 15, and cases cited.)

The court did not err in allowing plaintiff to amend her complaint after the cause was tried and submitted, but before findings had been filed or judgment given. The submission was set aside, and defendant allowed to answer the amended complaint and to introduce further evidence. This was the correct practice, was in furtherance of justice, and for the purpose of having the case disposed of upon its merits.

We advise that the judgment and order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., McFarland, J., Temple, J.