[L. A. No. 3444.   Department Two.—March 18, 1915.]

# OLE OVERAA, Appellant, v. SETH A. KEENEY, Respondent.

PRACTICE—DISMISSAL FOR WANT OF PROSECUTION BEFORE ANSWER—INHERENT POWER OF COURT.—In cases where no answer has been filed the superior court, as a court of general jurisdiction, has inherent power without the aid of statute, to dismiss the action for want of prosecution. The limitations of the court's power to dismiss for such reason, contained in section 583 of the Code of Civil Procedure, apply only to the particular instance of delay in bringing the case to trial after answer filed.

ID.—UNREASONABLE DELAY IN FILING COMPLAINT, TAKING OUT AND SERVING SUMMONS—DISCRETION NOT ABUSED.—The filing of a complaint in an action to recover for personal injuries when but eleven days are left of the statutory time limit therefor, the taking out of summons within but three weeks of the limit of time for its issuance, and the delay of service until there remain but seven months in which service is valid, are facts which in combination make out a case of want of prosecution, for which the court may, without abuse of discretion, order a dismissal, when both parties lived in the same county and came into frequent contact, notwithstanding a counter showing by

the plaintiff that the failure to presecute the action with greater dili-
gence was his crippled condition due to such injuries and his conse-
quent inability to earn enough money to enable him to proceed with
the litigation.

APPEAL from a judgment of the Superior Court of Santa
Barbara County.   Robert M. Clarke, Judge presiding.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

Canfield & Starbuck, for Respondent.

MELVIN, J.—Plaintiff appeals from a judgment of dis-
missal of the action based upon his failure to proceed therein
and want of prosecution thereof.

The action was one brought to recover damages for per-
sonal injuries which plaintiff alleged that he had received
while in the employ of the defendant and acting under his
orders.   The date of the accident as pleaded was January 21,
1909.   The complaint was filed January 10, 1910, eleven days
before the expiration of the period of limitation prescribed
by subdivision 3 of section 340 of the Code of Civil Pro-
cedure.   Summons was taken out December 30, 1910, almost
a year later, or about three weeks before the end of the period
limited by section 406 of the Code of Civil Procedure.   Sum-
mons was served on June 19, 1912, when all but seven months
of the time within which it would have been possible, under
the law, to serve said summons, had expired.   On the follow-
ing day, and without answering, defendant moved the court
for an order and judgment of dismissal, accompanying his
notice of motion with an affiadvit showing the great delay;
the fact that he had been present in Santa Barbara County
practically all of the time following the filing of the com-
plaint; the circumstance that during that time he had fre-
quently met plaintiff and his counsel; and the additional
fact that one of defendant's important witnesses, without
whom he could not safely go to trial, had departed from the
United States and was residing in a foreign country.   At the
hearing of the motion plaintiff introduced an affidavit giving
as his reason for failing to prosecute the action with greater
diligence his crippled condition due to the injuries received

in the manner alleged in the complaint and his consequent inability to earn enough money to enable him to proceed with the litigation. After a hearing upon the issues thus presented, the court granted the motion and entered the judgment of dismissal.

Appellant insists that the court was without discretion to dismiss the case, citing as authority which he believes to be conclusive *Johnson* v. *Baker,* 167 Cal. 261, [139 Pac. 86]. It will be noticed that the decision of the district court of appeal in that case, affirmed by this court, was based upon the authority of *Romero* v. *Snyder,* in the same volume of the California Reports, the opinion beginning on page 217 of 167 Cal., [138 Pac. 1003], and on the authority of the latter case we feel constrained to hold that the court did have jurisdiction to dismiss the case for want of prosecution. Both cases related to dismissals *after the filing of answers* and involved the construction of section 583 of the Code of Civil Procedure. It was held in each case that by permitting the court *"in its discretion"* to dismiss any action when plaintiff has failed for two years *after answer filed* to bring such action to trial but making it mandatory upon the court to dismiss such cause after five years, the legislature by section 583 of the Code of Civil Procedure, intended to deprive the court of all discretion to dismiss such an action *before* the expiration of two years from the filing of the answer. But Mr. Justice Shaw, the author of the opinion in *Romero* v. *Snyder,* was careful to limit the application of the rule to the case before him—one in which an answer had been filed. In the course of the opinion, among other things, he said: "We think the language of section 583 supports the theory of the plaintiff that *in cases where an answer has been filed* the court should not dismiss the action for want of prosecution unless the plaintiff has delayed for two years thereafter to bring the action on to trial." (The italics are in the original opinion.) Discussing the cited decisions regarding the discretion of the trial court, he used the following language:

"It is true that in several of the decisions above cited, it is held that the provision of subdivision 7 of section 681, now separately sectionized as 681a, to the effect that an action must be dismissed if the summons is not issued, served, and a return made thereon within three years after its commence-

ment does not divest the court of discretionary power to dismiss an action for failure to serve the summons or to prosecute the action diligently, although the time is less than three years after the action is begun. (*Witter* v. *Phelps,* 163 Cal. 655, [126 Pac. 593]; *People* v. *Jefferds,* 126 Cal. 296, [58 Pac. 704]; *San Jose etc. W. Co.* v. *Allen,* 129 Cal. 250, [61 Pac. 1083]; *Marks* v. *Keenan,* 148 Cal. 161, [82 Pac. 772]; *Stanley* v. *Gillen,* 119 Cal. 178, [51 Pac. 183]; *Kreiss* v. *Hotaling,* 99 Cal. 384, [33 Pac. 1125].) These decisions declare that the provision in question merely fixes a limit beyond which the court's discretion ceases and a dismissal becomes mandatory upon motion of the opposite party, and further that it gives the court the additional power to dismiss an action in such a case of its own motion. No minimum time is specified in that section, or anything to indicate that a period of delay less than that which makes a dismissal mandatory would be sufficient, if the court, in its sound discretion, thinks otherwise. There is no apparent purpose therein to regulate the exercise of the court's power, except to make it imperative that in the specified contingency the action shall be dismissed. Short of the mandatory period, the court's power to dismiss was left unaffected. Those decisions are inapplicable to the language of section 583."

(In the printed decision from which the above language is quoted, sections 681 and 681a are erroneously cited for 581 and 581a.)

.   .   .   .   .   .   .   .   ..   .   .   .   .   :

"The other defendants had not filed an answer. Section 583 applies only to the particular instance of delay in bringing the case to trial after answer filed. The court, as we have seen, has general discretionary power, without the aid of legislation, to dismiss an action for want of prosecution. This power remains in full force, affected only by the implied legislative determination of section 583 that two years' delay is not unreasonable in cases where an answer has been filed. Where an answer has not been filed, the court's power remains, as it was before, limited only by a sound discretion. There is no force in the argument of plaintiff that for the purposes of this section a demurrer is deemed to have the same effect as an answer. We must suppose that the legislature meant exactly what the words express. The remaining question for consideration, therefore, is whether or not

the court abused its discretion in making the order dismissing the case as to the defendants Snyder and Leonardt. We do not think it can be said that there was an abuse of discretion.''

This is conclusive of the whole matter unless we can say that the facts disclosed by the record in the case now before us show an abuse of discretion by the court. We cannot say that under all of the circumstances disclosed there was such abuse. While the allegations in the affidavit of plaintiff must have appealed powerfully to the sympathies of the judge, who of course would be affected by the maimed condition of a fellow creature, nevertheless the court was bound to consider the fact that both parties lived in the same county and the further circumstances of their frequent meetings. But trivial cost would have attended the service of summons. If after such service and an answer by defendant the plaintiff's poverty and physical disability should have stood in the way of an early hearing, the court doubtless would have considered those matters in the event of application for postponement of the trial. But we cannot say that because the court refused to act upon plaintiff's excuse for failure to serve summons, there was an abuse of discretion.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.