[Civ. No. 1681. Third Appellate District.—June 8, 1917.]

E. M. KASTER, Petitioner, v. SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

DISMISSAL OF ACTION—JUSTICE'S COURT APPEAL—INHERENT JURISDICTION.—The superior court has inherent power to dismiss an action appealed from the justice's court on questions of law and fact and not brought to trial within two years after the appeal was taken, regardless of whether such authority exists under the provisions of section 583 of the Code of Civil Procedure.

ID.—FAILURE TO BRING APPEAL TO TRIAL—DISMISSAL—DISCRETION NOT ABUSED.—It is not an abuse of discretion to dismiss a justice's court appeal taken on both questions of law and fact for failure to bring to trial within two years, where such failure was not due to mistake or ignorance, but the plaintiff was content to let the

matter rest because he was relying upon a bond given to release an attachment obtained by him, and the defendants had in the meantime removed to another state, and the expense incident to their personal attendance at the trial would nearly equal the amount of the demand.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Third Appellate District to annul an order of the superior court dismissing a justice's court appeal.

The facts are stated in the opinion of the court.

Thomas B. Leeper, for Petitioner.

B. F. Van Dyke, and Charles H. Crocker, for Respondents.

BURNETT, J.—The application is for a writ of review to annul an order made by said superior court dismissing an action appealed from the justice court on questions of law and fact by one R. C. Brace and not brought to trial within two years after the appeal was taken. It is claimed by petitioner that section 583 of the Code of Civil Procedure, the apparent authority for said order, is not applicable to such case, and in support of his contention he cites *Pistolesi* v. *Superior Court*, 26 Cal. App. 403, [147 Pac. 104], and *Long* v. *Superior Court*, 31 Cal. App. 34, [159 Pac. 734]. The latter follows the former and in each it was sought to compel the superior court to dismiss the action for the reason that it had not been brought to trial within five years. In the Pistolesi case it was said: "Nor do we think section 583 of the Code of Civil Procedure is applicable to this case. It reads as follows: ' . . . Any action heretofore or hereafter commenced shall be dismissed *by the court in which the same shall have been commenced* or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer. . . . ' This action was not *commenced* in the superior court nor can it be regarded as having been 'transferred' to that court 'on motion of the defendant,' the latter language aptly describing only an action transferred to a court of identical jurisdiction in another county."

It is to be observed, though, that the first clause of said section upon which it might be claimed this order was based contains no such limitation. Applying it according to the ordinary signification of the language employed, it may be said to include any court in which the action is pending for trial. The clause is: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after answer filed to bring such action to trial." However, it is not necessary to decide this point, for the following reason stated in the Pistolesi case: "Although it appears to us plain that neither of the sections referred to applies to this case, the superior court could yet, as it did, resort to its inherent power to pass on the motion and grant or deny it. 'It is settled by numerous decisions in this state that the superior court, without the aid of statutory authority, has the power to dismiss an action because of the failure of the plaintiff to prosecute it with reasonable diligence.' (*Romero* v. *Snyder,* 167 Cal. 216, [138 Pac. 1002].) There it was held that if only a demurrer and not an answer was filed the provisions of section 583 of the Code of Civil Procedure did not apply; but that the court under its general jurisdiction might dismiss the action for failure to prosecute it with reasonable diligence, and would be limited in so doing only by a sound discretion."

Conceding, then—as the later decisions of the supreme court seem to hold—that the writ of *certiorari* may be invoked in such cases when there has been an abuse of discretion, we are led to consider whether the court below acted with such indifference to the proprieties of the occasion as to be placed in the position of a tribunal acting outside the scope of its authority. We cannot so denominate the attitude of respondents.

If there had been a showing of inability on the part of plaintiff, or that he had been deceived or misled or was ignorant of his rights a different situation might, of course, be presented. He was content, though, to let the matter rest because he was relying upon the obligation of the sureties on a bond given to release an attachment obtained by him after filing his complaint in the justice court. This circumstance, however, has nothing to do with his obligation to secure an

early trial of the main action in the superior court. Nor does it make any difference, in our opinion, that no undertaking was given by the defendant to stay execution when he appealed to the superior court. The plaintiff might have obtained—and it seems he did do so—a writ of execution in spite of the appeal, but whether execution was stayed or not, it was his duty to have the cause tried by the tribunal to which it had been regularly transferred for a new trial.

But it is said that defendant set up a cross-complaint and therefore it was as much his duty as that of plaintiff to speed the trial. It is doubtful whether the pleading amounted to a cross-complaint. It was rather a defense to the action. But granting it to be what is claimed for it, and it results that it was the duty of each litigant to promote an early trial and the court could, upon the default of either, dismiss the case. The said defendant, however, seems to have been more diligent than plaintiff in invoking the discretion of the court to dismiss the action.

The reason that animated the court in its action is disclosed in the affidavit filed in support of the motion and is, substantially, that plaintiff had taken no steps to bring on the trial for more than two years, and that defendants had departed the state and had located in the state of West Virginia, and that the expense incident to a personal attendance at the trial of the action would nearly equal the amount of the demand set forth in the plaintiff's complaint, and that said R. C. Brace would be unable to be personally present at the trial if it should take place.

We cannot see how it can be said that the court abused its discretion under these circumstances. Indeed, the showing in palliation of such delay on the part of plaintiff should be strong and persuasive to justify an appellate court in declaring as a matter of law that there has been an abuse of the discretion which the lower court is permitted to exercise.

In conclusion, it may be said that if plaintiff's contention is sound that, since no stay bond was given, "the judgment of the justice court remains in full force and effect, and plaintiff can levy execution and satisfy said judgment upon any property belonging to defendants," and "can sue to recover judgment against the sureties on the undertaking releasing the attachment," he will suffer no injury by the said order of

the superior court. At any rate, we do not think said order should be annulled and the writ is therefore discharged.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 6, 1917.