[Civ. Nos. 3964 and 3965. Second Appellate District, Division
One—October 23, 1922.]

## WILLIAM A. PALLETT et al., Appellants, v. AUGUST W. GUENTHER et al., Respondents.

[1] DISMISSAL — HEARING OF DEMURRER — DELAY.—In the absence of
affidavits or other evidence to excuse the delay, the trial court is
authorized to dismiss an action because of a delay of one year
and about four months in bringing on for hearing a demurrer
interposed to the complaint. The two-year limitation contained in
section 583 of the Code of Civil Procedure is applicable only in
cases where an answer has been filed.

[2] ID.—MOTION FOR RELIEF—SUFFICIENCY OF SHOWING—DISCRETION.
On a motion made under section 473 of the Code of Civil Pro-
cedure for relief from a judgment dismissing an action for fail-
ure to prosecute the same with diligence, notwithstanding the
affidavits submitted to the court by the plaintiffs are uncontra-
dicted, the court has the right to determine as to whether, under
all of the facts and circumstances shown, the plaintiffs were ex-
cused for their delay, and excused, too, for not having made a
showing of the same matters when resisting the motion to dismiss.

[3] ID.—DELAY IN SECURING SUBSTITUTION OF ATTORNEYS—FAILURE TO
HAVE DEMURRER HEARD — INSUFFICIENT EXCUSE. — The facts that
the attorney for one of the plaintiffs informed the latter that he
would not be able to continue in charge of the case and that it
would be necessary for plaintiffs to secure the substitution of
other attorneys, and their agreement that the matter might rest
for awhile without substitution of attorneys being made, under a
belief that the action would not be dismissed for want of prose-
cution until after the expiration of two years, afforded no founda-
tion for a meritorious claim of reasonable excuse for a delay of
one year and about four months in bringing on for hearing a
demurrer to the complaint.

APPEAL from a judgment of the Superior Court of Los
Angeles County dismissing an action for want of due dili-
gence in the prosecution thereof; also an appeal from an
order denying a motion for relief under section 473 of the
Code of Civil Procedure. Charles S. Burnell, Judge. Af-
firmed.

The facts are stated in the opinion of the court.

James, Pace & Smith and Paul E. Younkin for Appellants.

Thomas Tyler Robinson and Thomas A. Sanson for Respondents.

JAMES, J.—There are here presented two appeals taken by the plaintiffs, one from a judgment entered in the trial court dismissing the action for want of due diligence in the prosecution thereof, and the second an appeal taken from an order subsequently made denying the motion of the plaintiffs for relief under the provisions of section 473 of the Code of Civil Procedure. By stipulation of the parties both appeals are presented together on one set of briefs.

Plaintiffs began their action, which was to settle their right to the use of certain waters and to enjoin the defendants from interfering therewith, by filing a complaint on May 28, 1919. Defendant Guenther, on March 2, 1920, served and filed his demurrer to the complaint. The demurrer was not brought on for hearing before the court and, after notice duly given, said defendant on the 24th of June, 1921, presented to the court a motion to dismiss the action on the ground that the same had not been prosecuted with due diligence. One of the counsel appearing of record as attorney for plaintiffs was in court and resisted the motion but submitted no affidavits or other evidence to excuse the delay. The motion was on the same day granted. On the 29th of July, 1921, plaintiffs, after notice given, appeared and moved the court to set aside the judgment of dismissal. The motion was based upon the records and files in the action, together with two affidavits made by two of the counsel appearing for the plaintiffs.

[1] Considering first whether the court was authorized to dismiss the action because of delay of one year and about four months in bringing on for hearing the demurrer interposed to the complaint: In the year 1905 section 583 of the Code of Civil Procedure was enacted, which provided in part as follows: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after answer filed to bring such action to trial. . . . " The supreme court has definitely construed the provisions quoted and has decided that they im-

pose a limitation on the power of the court to dismiss only in cases where an answer has been filed; that the power of the court to otherwise and in other cases dismiss for want of prosecution exists, and that such power is governed by the rule of reasonable discretion. And, further, that a demurrer is not equivalent to an answer within the meaning of the section. (*Romero* v. *Snyder,* 167 Cal. 216 [138 Pac. 1002]; *Overaa* v. *Keeney,* 169 Cal. 628 [147 Pac. 466].) Under the authority of the cases last cited, it must be concluded that the appeal from the judgment of dismissal is without merit.

[2] On the motion for relief under section 473 of the Code of Civil Procedure, the affidavits submitted to the court were not contradicted and it is the contention of appellants that, under the facts therein set forth, the court had no discretion but to grant the motion. The same rule applied in considering a motion for such relief as applied to the motion to dismiss the action; that is, the court had the right to determine as to whether, under all of the facts and circumstances shown, plaintiffs were excused for their delay, and excused, too, for not having made a showing of the same matters when resisting the motion to dismiss. The language used in *First Nat. Bank* v. *Nason,* 115 Cal. 626 [47 Pac. 595], is applicable, where the court says: "Each particular case presents its own peculiar features, and no iron-clad rule can justly be devised applicable alike to all." And in *Raggio* v. *Southern Pac. Co.,* 181 Cal. 472 [185 Pac. 171], where the court gave a further definition to what might amount to "legal discretion." [3] Upon an examination of the contents of the affidavits submitted on the motion to set aside the judgment of dismissal, we are unable to find anything which would furnish adequate excuse for the delay of the plaintiffs in prosecuting the action. The substance of the first affidavit was to the effect that in September, 1920, affiant (one of the attorneys for plaintiffs) had a conference with plaintiff T. A. Pallett at which he informed that plaintiff that on account of other pressing business matters he would not be able to continue in charge of the case, and that it would be necessary for the plaintiffs to secure the substitution of other attorneys; that the plaintiff Pallett agreed and said that he would make arrangements for substitution, but that he would like to have the matter stand awhile and that the affiant had acquiesced and had taken no

further steps to move in the case. This affidavit further set forth that affiant believed "that said T. A. Pallett, who was acting for himself and also for his coplaintiffs in said suit, had the impression and was acting under the impression that the suit would not be dismissed for lack of prosecution until after the expiration of two years." The further statement was contained in the affidavit that, because of press of business, affiant was unable and had "neglected" to inform Freston, one of the other attorneys engaged with affiant in the case, of the facts as hereinbefore stated, and that Freston, who had "exclusive charge of the opposition to said motion for dismissal," did not know of the arrangement for substitution of attorneys as it had been agreed upon. Freston made the second affidavit, in which he corroborated statements made in the affidavit of the first counsel and stated further that it was not until after the hearing of the motion to dismiss the action that he had knowledge regarding the conversation had between the first counsel and Pallett. Plaintiff Pallett made no affidavit to show any diligence in attempting to get other counsel. The mere agreement between attorneys and their client that the matter might rest for awhile without substitution of attorneys being made can certainly afford no foundation at all for a meritorious claim of reasonable excuse for the delay of which the defendants complained.

The judgment dismissing the action is affirmed.

The order of the court denying the motion of plaintiffs to set aside the judgment of dismissal is affirmed.

Conrey, P. J., and Shaw, J., concurred.