['Civ. No. 4211.  Second Appellate District, Division Two.—November 21, 1923.]

# LOUIS M. OBERKOTTER, Appellant, v. JOHN D. SPRECKELS et al., Respondents.

[1] DISMISSAL—DISAGREEMENT OF JURY—SUBSEQUENT WANT OF DILIGENT PROSECUTION — POWERS OF TRIAL COURT. — Where a case is brought to trial within two years after issue joined, but the jury disagrees, and the plaintiff permits a period of more than two years to elapse after such first trial without doing anything further to expedite his cause to a final determination, the trial court has the power to dismiss such action for want of diligent prosecution.

[2] ID.—APPEAL ON JUDGMENT-ROLL—INTENDMENTS—PRESUMPTIONS.— Where the record on an appeal from a judgment based on an order for dismissal for lack of diligent prosecution is not brought up under the so-called alternative method and the printed transcript contains no copy of any bill of exceptions, all intendments will be made in favor of the action of the trial court and in support of the judgment; and even if it were the rule that a defendant must seek to have the cause set for trial before he can successfully prosecute a motion to dismiss, the appellate court is bound to assume, in the absence of a record showing the contrary, that defendant did seek to have the case set for trial but that plaintiff chose not to try it.

[3] ID.—DILIGENCE—BURDEN OF PROCEEDING. — While defendant may bring about a trial of the case, he is under no legal duty to do so. It is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination.

APPEAL from a judgment of the Superior Court of San Diego County.  C. N. Andrews, Judge.  Affirmed.

The facts are stated in the opinion of the court.

W. S. Staley and Marcus W. Robbins for Appellant.

Read G. Dilworth, Titus & Macomber and V. F. Bennett for Respondents.

FINLAYSON, P. J.—Plaintiff appeals from a judgment based on an order dismissing the action for lack of diligent prosecution.

The record on appeal was not brought up under the so-called alternative method, and the printed transcript contains no copy of any bill of exceptions. This is pointed out in the opinion filed by us when denying respondents' motion to dismiss the appeal (63 Cal. App. 683 [219 Pac. 1010]). Since no bill of exceptions appears in the printed record, we may properly consider naught but the judgment-roll—that is, naught but the pleadings, the orders made on demurrer, and the judgment of dismissal. It is from these, and from these only, that we must learn of the facts which confronted the trial court when it granted defendants' motion to dismiss the action.

The following are the facts as shown by those parts of the printed transcript which we may consider: The action is one to recover damages for an alleged libel. Plaintiff filed his complaint June 7, 1919. A demurrer thereto was sustained November 3, 1919. An amended complaint was filed by plaintiff November 13, 1919. A demurrer to the amended complaint was overruled and defendant answered January 5, 1920. The case was set for trial before a jury on April 5, 1920. The trial consumed about four days. After the introduction of evidence the cause was submitted to the jury, and on April 9, 1920, that body returned to the courtroom and announced that it was unable to agree upon a verdict. Whereupon the jury was dismissed. No further action was taken in the case until the expiration of more than two years, when defendants, on April 17, 1922, filed notice of their intention to move for a dismissal of the action upon the ground that plaintiff had not diligently prosecuted it. The motion to dismiss came on for hearing April 24, 1922. On that day the court, according to a recital in its judgment of dismissal, examined the record and affidavits on file, and from such examination found that no sufficient excuse has been given by the plaintiff for his lack of diligence in prosecuting said action, and that said action should be dismissed." Whereupon it was ordered that the cause be dismissed, and judgment of dismissal was entered accordingly. Though it is recited in the judgment of dismissal that the trial court "examined the records . . . and *affidavits* on file herein," we have no means of knowing the contents of those affidavits, because, as we have said, the appeal has not been prosecuted

under the so-called alternative method and no bill of exceptions appears in the printed transcript.

[1] The evident reason for the dismissal of the action was that plaintiff permitted a period of more than two years to elapse after the first and only trial of the case without doing anything further to expedite his cause to a final determination. It is provided by section 583 of the Code of Civil Procedure that the trial court may in its discretion dismiss an action for want of prosecution "whenever plaintiff has failed for two years after answer filed to bring such action to trial." Because the action was in fact brought to trial within the two-year period designated in the section, it is argued by appellant that the case is not one of those intended to be covered by that legislative provision. We do not find it necessary to pass upon this question. Section 583 certainly does not forbid a dismissal of the action under the circumstances here presented, and if authority for the dismissal cannot be found in that legislative enactment it can be found in the court's inherent power to dismiss an action for lack of diligent prosecution. There is nothing in the record before us to show that the trial court abused its discretion. If, therefore, the legislature intended that section 583 should be applicable where, as here, the action was brought to trial within two years after answer filed but the jury disagreed and nothing more was done during the ensuing two years, then the dismissal was proper because authorized by the statute. If, on the other hand, this code section was not intended to cover a situation such as that here presented, then we have a case where no statutory authority for the dismissal exists. But if the case is not embraced by the terms of the statute, then the court could resort to its inherent power to pass on the motion and to grant it or deny it. (See *Kaster* v. *Superior Court,* 34 Cal. App. 88 [166 Pac. 852].) "It is settled by numerous decisions in this state that the superior court, without the aid of statutory authority, has the power to dismiss an action because of the failure of the plaintiff to prosecute it with reasonable diligence." (*Romero* v. *Snyder,* 167 Cal. 216 [138 Pac. 1002].)

What we thus far have said seems to be conceded. It is claimed, however, that if the dismissal was not made under section 583, but in the exercise of the court's inherent power,

then the motion to dismiss should have been denied, for the reason that defendants made no effort to have the case set for trial. The argument is that it was equally within the power of defendants, as it was equally their duty, to have the case set for trial, and that since plaintiff and defendants stood upon precisely the same ground in this regard neither could charge the other with a lack of diligence.

[2] The contention lacks merit. In the first place, even if it were the rule that a defendant must himself seek to have the cause set for trial before he can successfully prosecute a motion to dismiss, we would be compelled to assume, in the absence of a bill of exceptions showing the contrary, that defendants did seek to have the case set for trial but that plaintiff chose not to try it. When an appeal to this court is to be determined upon the judgment-roll alone all intendments will be made in favor of the action of the trial court and in support of the judgment; and if error is claimed the record on appeal must contain sufficient legal evidence of it. (*Waymire* v. *California Trona Co.,* 176 Cal. 399 [168 Pac. 563].) [3] But appellant is mistaken in assuming that a defendant must seek to have the action set for trial before he can move its dismissal for want of diligent prosecution. The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step. (*Mowry* v. *Weisenborn,* 137 Cal. 113 [69 Pac. 971].) *Simmons* v. *Keller,* 50 Cal. 38, is directly in point. There the plaintiff, appealing from a judgment dismissing the action for want of prosecution, urged, as does appellant here, that "when the defendant can himself bring the cause to trial he cannot have judgment, as in the case of nonsuit, for the obvious reason that he is as much in default as the plaintiff for not bringing the case to trial." The judgment of dismissal was, nevertheless, affirmed.

We have considered the points raised by appellant notwithstanding the briefs filed in his behalf contained language

which so reflects upon the character of the trial judge as to require that they be stricken from the files. To save appellant from the consequences of his counsel's improprieties we have examined the briefs, but we cannot permit them to remain a part of the records of this court.

It is ordered that appellant's opening and closing briefs be stricken from the files. The judgment is affirmed.

Works, J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 17, 1924.