[Civ. No. 592. Fourth Appellate District.—November 23, 1932.]

E. W. CRAGHILL, Appellant, v. H. H. FORD, Respondent.

William Guthrie and Walter E. Bennett for Appellant.

Fred A. Wilson for Respondent.

AMES, J, *pro tem.*—This is an appeal from an order dismissing the action for failure on the part of the plaintiff to prosecute the same with reasonable diligence. The complaint was filed on the eighteenth day of October, 1929, and contains four separate causes of action, the first three of which are based upon three several promissory notes aggregating the sum of $14,000 and contains the usual allegations of execution, delivery and nonpayment. The fourth cause of action was brought for the purpose of recovering the sum of $4,513.52 as a balance due upon a mutual, open and current book account. In his answer, defendant denied generally the nonpayment of the several notes, denied the indebtedness upon the mutual, open and current book account, and filed a cross-complaint in which he alleged that

the complainant and cross-defendant was indebted to him in the sum of $3,934.34 for money had and received for the benefit of the cross-complainant. Prior to the trial, the defendant demanded of the plaintiff a bill of particulars of the account on which the fourth cause of action in the complaint was based. Pursuant to such demand the plaintiff prepared and delivered to defendant such bill of particulars. In due time, the action was set for trial on the twenty-fourth day of April, 1930, and the trial was commenced on that date.

At the trial, plaintiff took the witness-stand in his own behalf and his direct examination was confined to proof of the first three causes of action in the complaint. Upon cross-examination and over the objection of the plaintiff, counsel for defendant interrogated him with reference to the items contained in the bill of particulars and the accounts upon which it was based. It appears from the evidence elicited from plaintiff upon cross-examination that he was a broker engaged in dealing in stocks, bonds, securities and grain, and that he had had various transactions with the defendant and had on several occasions purchased grain for him and kept a book account of his transactions. He further testified that at the time of the execution and delivery of the promissory notes involved in this action, defendant was indebted to the plaintiff in an amount considerably in excess of the aggregate amount of the three promissory notes upon which the action was predicated; and that the amounts of the notes were entered and credited upon his book of accounts. During the course of the cross-examination it developed that the bill of particulars was inaccurate and incomplete. This discovery was apparently made by counsel for the plaintiff and upon that discovery having been made, he said "I checked it (referring to the bill of particulars) over during the noon hour and I find some errors in this account, just what the errors are, I don't know." He then made the following statement: "Now, I suggest that, since we are going to get into this account,—I didn't think we would get into it from this angle, it is perfectly apparent that at some stage of the proceeding this account has got to come out, and we might as well set down and make a transcript of it, and present it in transcript form properly supported with documents and books, which we can

do in a very short time, if submitted by a transcript, and which would take a long time to submit it item by item.'' At that point the following colloquy occurred between the court and counsel for the plaintiff:

''Mr. Call: It is apparent the account here is not specific, we would like to have it,—if a continuance would give us some information arriving at a true understanding of just what was,—what the profit and loss was on these various transactions, I would be highly in favor of such a continuance.

''The Court: I understand it would be your purpose, then, to render such a statement, such information?

''Mr. Guthrie (counsel for plaintiff): Yes, sir.

''The Court: At this stage of the case, I believe it is within the power of the court to order a further and more detailed account; is such an order necessary in this case?

''Mr. Call: We will stipulate it may be entered, if necessary.

''Mr. Guthrie: We will furnish it.

''The Court: In order that the purpose of the continuance, to keep our record straight here—

''Mr. Call: Yes, Your Honor.

''The Court. —in the absence of the stipulation, the Court will deem it necessary to make such an order; otherwise, you might take a continuance and come back into court with nothing done.

''Mr. Call: So that we may not misunderstand the rule to be followed we will stipulate that a continuance be granted, and the plaintiff be given whatever time is necessary, 30 days, to prepare and serve and file a more detailed copy of the account sued on.

''Mr. Guthrie: That is good.

''The Court: Very well, it will be so ordered.

''Mr. Call: Any further time than that?

''The Court: Thirty days is sufficient time?

''Mr. Guthrie: Yes, I think we can make it in less than that time, ten or fifteen days.

''The Court: Of course, you don't have to take thirty days.

''Mr. Call: I assume, when this is filed, we will have a further hearing.

"The Court: Very well, then, the matter will be continued upon those conditions."

It will be observed that defendant did not join in the stipulation proffered by plaintiff and the court's order directing the preparation and service of a more detailed bill of particulars and continuance of the case were made without his express consent but without any objection from him. It will also be noted that the trial was not continued to a day certain.

It is conceded that no amplified bill of particulars nor any further bill of particulars was delivered to defendant, and with the exception of an order continuing the time for filing the bill of particulars hereafter noted, no further proceedings were had in the action until the twenty-ninth day of May, 1931, on which date defendant filed in the office of the clerk of the superior court, a notice of motion which had been duly served on plaintiff that he would on the first day of June, 1931, move the court "for an order granting judgment to the defendant on said cause", upon several grounds, one of which was that plaintiff had not, with reasonable or any diligence, prosecuted said action or the trial thereof. The notice notified the plaintiff that the motion would be made and based upon all the pleadings, records and files in said cause, the minutes of the court, and the testimony introduced at the trial. Upon the hearing of the motion, no affidavits or other evidence were presented or filed by plaintiff explaining why he had remained inactive in the prosecution of the action for a period of more than thirteen months. Thereafter, on the sixteenth day of June, 1931, the court made and entered its judgment to the effect that the motion to dismiss be granted, that plaintiff have and recover nothing from the defendant, and that defendant have and recover his costs. It appears, from a recital in the judgment, that the court on the twenty-third day of May, 1930, made and entered the following order: "Good cause appearing therefor, it is ordered that plaintiff have thirty days from date hereof within which to file an amended bill of particulars. Dated this 23rd day of May, 1930." From the judgment of dismissal plaintiff appeals.

It is the contention of appellant that the superior court was without jurisdiction to grant the order to dismiss the action and to enter the judgment of dismissal thereon until

the period of two years had elapsed. Section 583 of the Code of Civil Procedure, upon which he relies, in so far as the same is applicable to the question here involved, is as follows: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after answer is filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended."

 It has been held in many decisions in this state that a court of record possesses an inherent discretionary power to dismiss an action for want of prosecution. That power is limited only by the provisions of section 583, above quoted. When the action is not brought to trial that power is suspended for the period of two years after answer filed and is terminated at the expiration of five years from that time, when the operation of the statute becomes mandatory and the court has no discretion but to dismiss the action. In the case of *Romero* v. *Snyder*, 167 Cal. 216 [138 Pac. 1002, 1004], this rule is announced as follows: "The court, as we have seen, has general discretionary power, without the aid of legislation to dismiss an action for want of prosecution. This power remains in full force, affected only by the implied legislative determination of section 583 that two years' delay is not unreasonable in cases where an answer has been filed." In *Oberkotter* v. *Spreckels*, 64 Cal. App. 470 [221 Pac. 698, 699], the court said: "There is nothing in the record before us to show that the trial court abused its discretion. If, therefore, the legislature intended that section 583 should be applicable where, as here, the action was brought to trial within two years after answer filed but the jury disagreed and nothing more was done during the ensuing two years, then the dismissal was proper because authorized by the statute. If, on the other hand, this code section was not intended to cover a situation such as that here presented, then we have a case where no statutory

authority for the dismissal exists. But if the case is not embraced by the terms of the statute, then the court could resort to its inherent power to pass on the motion and to grant it or deny it. (See *Kaster* v. *Superior Court,* 34 Cal. App. 88 [166 Pac. 852].) 'It is settled by numerous decisions in this state that the superior court, without the aid of statutory authority, has the power to dismiss an action because of the failure of the plaintiff to prosecute it with reasonable diligence.' (*Romero* v. *Snyder,* 167 Cal. 216 [138 Pac. 1002].)''

That a court of record possesses such inherent power was recognized in the following cases: *Kaster* v. *Superior Court,* 34 Cal. App., at page 88 [166 Pac. 852] ; *Romero* v. *Snyder,* 167 Cal. 216 [138 Pac. 1002] ; *Overaa* v. *Keeney,* 169 Cal. 628 [147 Pac. 466] ; *Raggio* v. *Southern Pac. Co.,* 181 Cal. 472 [185 Pac. 171]. Such inherent discretionary power exists independently of statute and remains unimpaired except where limited by the terms of the statute. That limitation exists by virtue of section 583 of the Code of Civil Procedure ''whenever plaintiff has failed for two years after answer is filed to bring such action to trial''. But the situation here is not one in which the plaintiff failed to bring the action to trial. The action was brought to trial on the twenty-fourth day of April, 1930, when the trial proceeded and a witness was sworn and examined, as above related. The continuance was granted at the request of plaintiff for a limited and express purpose, namely, to permit him to correct and amplify his bill of particulars. In the colloquy between the court and counsel it clearly appeared that he would not require in excess of thirty days within which to perfect his bill of particulars, but the court, in the exercise of its discretion, granted to him an additional thirty days within which to comply with the condition upon which the continuance had been granted. From his failure upon the hearing of the motion to offer evidence, by affidavit or otherwise, to justify his delay, the court was warranted in assuming that no justification existed. Plaintiff could not comply with the condition upon which he sought and was granted a continuance nor did he move to reset the case for trial. The latter step would not be a bringing of the action to trial within the meaning of section 583, under the circumstances disclosed by the rec-

ord here, but merely a proceeding to bring about a resumption of the trial which had been previously commenced. After a trial has been commenced and is continued at the request of the plaintiff for the specific and limited purpose here disclosed, the inherent power of the trial court to dismiss the action is not suspended for the period of two years after answer filed but remains unimpaired by the provisions of section 583. It has been held that it is the duty of the plaintiff at every stage of the proceeding to use due diligence to expedite his case to a final termination and it was he upon whom the burden rested to prosecute it with diligence. (*Raggio* v. *Southern Pac. Co., supra; Overaa* v. *Keeney, supra; Kaster* v. *Superior Court, supra; Pallett* v. *Guenther,* 59 Cal. App. 434 [210 Pac. 969].) It devolved upon the plaintiff to expedite the trial of the action within a reasonable time. As to what would constitute a reasonable time is committed to the sound discretion of the trial court and its exercise will not be disturbed unless its abuse is shown. The dismissal of the action after the plaintiff's inaction for thirteen months is not an abuse of such discretion.

 The appellant next suggests that it might have been proper for the court to have dismissed the fourth cause of action in plaintiff's complaint for failure to deliver the bill of particulars but that it was error to dismiss the entire action. With this contention we cannot agree. In the cross-examination of plaintiff, reference was made to entries in his book account as the same were disclosed in his bill of particulars. One issue of fact to be tried by the trial court was payment of the promissory notes sued on. Clearly, in view of the testimony of the plaintiff that an entry of the amount of the notes was made in his books of account, defendant had a right to interrogate him upon that subject. The bill of particulars was before the court and its use was available to the defendant for any legitimate purpose, and the questions propounded were within the proper scope of cross-examination. Furthermore, plaintiff had not abandoned this fourth cause of action upon the trial; but one witness, the plaintiff himself, had been called to the witness-stand and was being cross-examined when the continuance was granted. The plaintiff had not rested nor intimated, in so far as the record shows, that he intended to

abandon his fourth cause of action and the court could not assume that he would do so.

The judgment appealed from is affirmed.

Barnard, P. J., and Marks, J., concurred.