[Civ. No. 11014.  Second Appellate District, Division One.—September 11, 1936.]

M. SEDAROVICH, Appellant, v. GEORGE PAUL et al., Respondents.

Kelly, Stuart .& Hendrick and Charles J. Kelly for Appellant.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and Vernon W. Hunt for Respondents.

ROTH, J., *pro tem.*—On February 7, 1930, plaintiff suffered injuries in an automobile accident, as a consequence of which he filed his complaint on February 6, 1936. Thereafter the action was set down for trial on April 21, 1932, but it was not actually called for trial on that day. The attorneys for the respective parties, however, did on that day enter into a stipulation, the material part of which is as follows: "It is Stipulated that the above entitled case may be set for trial at any time on or after the fifth day of May, 1932." At the bottom of the same stipulation is set forth the following: "Went off calendar on the 22nd day of April, 1932, at the hour of 9:30 a. m."

The foregoing stipulation was not actually filed until January 17, 1936. Thereafter, the cause was set down to be tried on January 27, 1936. On January 21, 1936, respondents moved that the action be dismissed for want of prosecution and lack of diligence, pursuant to the provisions of section 583, Code of Civil Procedure. The trial court granted the motion.

Appellant's first point on this appeal is that the court had no discretion to dismiss the action in the face of the stipulation which has been set out heretofore.

■ The authorities are clear that a stipulation to set a case for trial at some indefinite time in the future cannot divest the trial court of the right to exercise its discretion, pursuant to the terms of section 583, Code of Civil Procedure. Such a stipulation can mean no more than that the case would be set down for trial within a reasonable time in the future, and the burden is upon the plaintiff to show diligence in attempting to bring on the case for trial within such reasonable time. (*Larkin* v. *Superior Court*, 171 Cal. 719, 723 [154 Pac. 841, Ann. Cas. 1917D, 670]; *Boyd* v. *Southern Pacific R. R. Co.*, 185 Cal. 344, 346 [197 Pac. 58]; *City of Los Angeles* v. *Superior Court*, 185 Cal. 405 [197 Pac. 79]; *Barry* v. *Learner*, 113 Cal. App. 651 [299 Pac. 82]; *Miller & Lux* v. *Superior Court*, 192 Cal. 333 [219 Pac. 1006]; *Central Pacific R. R. Co.* v. *Riley*, 31 Cal. App. 394 [160 Pac. 844]; *Prudential Ins. Co.* v. *Superior Court*, 117 Cal. App. 528 [4 Pac. (2d) 294]; *Anderson* v. *Superior Court*, 187 Cal. 95, 101 [200 Pac. 963]; *Roper* v. *Smith*, 45 Cal. App. 302, 305 [187 Pac. 454].)

■ Plaintiff on this appeal made no effort to call to our attention, as provided by law, or otherwise, what efforts were made after the stipulation was signed on April 21, 1932, to bring the case to trial prior to January 17, 1936. Respondents, however, have set forth in full the affidavits used on the motion to dismiss, and the showing is affirmative that practically nothing was done from April 12, 1932, until January 17, 1936. The stipulation as framed in this case is only of use to make a showing of diligence. The question actually before us, therefore, is whether the trial court abused its discretion when it made its order. It is clear to us that the discretion of the trial court was properly and judicially exercised. (*Steinbauer* v. *Bondesen*, 125 Cal. App. 419 [14 Pac. (2d) 106]; *Craghill* v. *Ford*, 127 Cal. App. 661 [16 Pac. (2d) 343]; *Overaa* v. *Keeney*, 169 Cal. 628 [147 Pac. 466]; *Kaster* v. *Superior Court*, 34 Cal. App. 88 [166 Pac. 852]; *Oberkotter* v. *Spreckels*, 64 Cal. App. 470 [221 Pac. 698]; *St. Clair* v. *Brix*, 89 Cal. App. 94 [264 Pac. 307]; *Wutchumna Water Co.* v. *Stevenson*, 204 Cal. 191 [267 Pac. 537]; *Barry* v. *Learner*, 113 Cal. App. 651 [299 Pac. 82]; *Lieb* v. *Lager*, 9 Cal. App. (2d) 324 [49 Pac. (2d) 886]; *Mowry* v. *Weisenborn*, 137 Cal.

110 [69 Pac. 971]; *Gray* v. *Times-Mirror Co.*, 11 Cal. App. 155 [104 Pac. 481].)

Appellant also urges as a reason for reversal that the motion for dismissal was made by attorneys who were strangers to the record, as no formal substitution of such attorneys had been filed prior to the time the motion to dismiss was made. In this regard, the record shows that on January 18, 1936, Harry D. Parker and Raymond G. Stanbury were substituted by a written instrument signed by all proper parties. On January 21, 1936, the new attorneys drafted and signed the motion to dismiss which was served on plaintiff's attorneys on the same day. On January 23, 1936, the written substitution of attorneys (executed as aforesaid on January 18th), was served on plaintiff's attorneys. On January 27th, when the motion to dismiss first came on for hearing, respondents were represented by Attorneys Parker and Stanbury, and were so represented at subsequent hearings on the same motion. Plaintiff did object to the appearance of the substituted attorneys at the first hearing, but made no effort to return any of the papers served upon his attorneys, and thereafter plaintiff's attorneys recognized the substituted attorneys as respondents' representatives by serving papers upon them and negotiating with them. No one was misled to his prejudice, and there is no question but that an actual substitution was made satisfactory to all parties, defective only in that such substitution was not filed. Under such circumstances, we find no error. (*Leake* v. *City of Venice*, 43 Cal. App. 568 [185 Pac. 424]; *Withers* v. *Little*, 56 Cal. 370; *Livermore* v. *Webb*, 56 Cal. 489; *Estate of Morgan*, 94 Cal. App. 617 [271 Pac. 762]; *Starkweather* v. *Eddy*, 196 Cal. 73 [235 Pac. 734]; *Smith* v. *Smith*, 145 Cal. 615 [79 Pac. 275]; *Bashore* v. *Lamberson*, 36 Cal. App. 233 [271 Pac. 968].)

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.