[Civ. No. 13116. Second Dist., Div. Two. Oct. 21, 1941.]

DUNCAN P. JACKSON, Appellant, v. MARGARET C. THOMPSON et al., Respondents.

T. H. Canfield for Appellant.

Fred A. Shaeffer for Respondents.

MOORE, P. J.—Plaintiff appeals from an order dismissing his action for want of prosecution.

On July 21, 1936, plaintiff filed suit to enforce the payment of a promissory note which by assignment defendants had guaranteed to pay. A demurrer to the complaint was overruled on August 3rd. On August 5th defendants filed their answer. Plaintiff brought the action to trial January 27, 1937. At the trial evidence was introduced and both parties then rested. The minute entry following the trial reads: "Said Cause was thereupon submitted to the court for consideration and decision and by the court taken under

advisement." One week later, February 3, 1937, defendants served and filed their "Notice of Motion for Order Reopening Case and Permitting Defendants to file Amended Answer." This motion was noticed for February 15. At the time it was called the parties appeared in court and stipulated that defendants might file an amended answer and that plaintiff have fifteen days within which to plead. The court ordered accordingly. Thereafter, on the 5th day of March, the parties filed a written stipulation that the amended answer annexed to the notice of motion might be filed as the amended answer. No order was made vacating the submission of the cause and neither was any request made for such order at any time. Plaintiff evidently deemed it inadvisable to demur to the amended pleading. No further proceedings were had until March 11, 1939. On that date defendants served and filed their notice of motion to dismiss the action on two grounds: (1) failure for more than two years after filing to bring the action to trial; and (2) that more than two years have elapsed since the filing of the action and plaintiff has not prosecuted with diligence. The motion to dismiss came on for hearing May 15, 1939, when the defendants submitted the statistical data hereinabove recited. Plaintiff countered by submitting the minute entries of the court showing in addition the trial of the action on the 27th day of January, 1937, giving names of the witnesses introduced on behalf of plaintiff and that both parties had rested.

Following the hearing on the motion and the arguments of counsel, the court granted the motion to dismiss for lack of prosecution.

Section 583, Code of Civil Procedure, reads in part: "The court may in its discretion dismiss any action for want of prosecution on motion of defendant . . . whenever plaintiff has failed for two years after action is filed to bring such action to trial."

The foregoing is the only statute providing for the discretionary dismissal of an action for want of diligence in its prosecution. If the quoted section does not apply, the only basis for the order must be found in the court's inherent power to dismiss for want of prosecution. ■ The order allowing defendants to file an amended answer after the cause had been

submitted was not tantamount to a reopening of the case. ■ The cause had been tried and in exact words the parties had rested and the court had taken the cause under submission practically within six months after it had been filed. In that state of the record, it became the duty of the trial court to reach a decision without interference by any agency whatever. No decision having been announced, the trial court's failure in that respect is to be attributed solely to its own delays. There is no obligation upon the plaintiff to remonstrate with the court for an immediate decision while the submission of a case is pending. Plaintiff's duty has been discharged when he has diligently brought his cause to trial. (*Raggio* v. *Southern Pacific Co.*, 181 Cal. 472 [185 Pac. 171].)
■ The proceeding for a reopening of the case was instituted on the motion of defendants. Their failure to ask for and procure an order of reopening cannot be cast upon the plaintiff as evidence of his lack of diligence. In that very proceeding plaintiff cooperated with the defendants in effectuating a speedy order allowing defendants to file their amended answer. ■ Neither is plaintiff to be charged with neglect in not demurring to the amended answer. His right to plead within the fifteen days was a naked right and carried with it no obligation to request defendants to proceed with such proof as they desire to add to the record. Knowing that the judge who had tried the case and taken it under submission was still among the living, there was nothing to indicate to plaintiff that a decision would not ultimately be rendered. (*Raggio* v. *Southern Pacific Co., supra.*) It has long been the approved practice to make an order reopening a submitted case before admitting further evidence. (*Andrus* v. *Smith,* 133 Cal. 78 [65 Pac. 320]; *Westbay* v. *Gray,* 116 Cal. 660 [48 Pac. 800].) ■ But a court may in its discretion permit amendments to pleadings even after submission where the amendment does not effect a change in the nature of the action. (*Hancock* v. *Board of Education,* 140 Cal. 554 [74 Pac. 44].) Defendants having filed the only pleading filed following submission and no order having been made to reopen the case, plaintiff's duties were at an end until called upon to prepare findings.

■ This brings us to a consideration of the discretion exercised by the court in the order of dismissal. It having been established that the case had been tried and submitted,

there was no power vested in the court to dismiss the action for want of prosecution. In view of the fact that the statute (Code Civ. Proc., sec. 583) makes a definite provision for the dismissal of an action for failure to prosecute within two years, this impliedly forbids the court to exercise its inherent power to dismiss the action where it has been brought to trial within two years. (*Johnston* v. *Baker,* 167 Cal. 260 [139 Pac. 86].)

If, during the trial or after submission, plaintiff had requested a continuance or a reopening of the case and had then taken no further action, a dismissal of his action would have been a proper order. (*Craghill* v. *Ford,* 127 Cal. App. 661 [16 Pac. (2d) 343].) But he was not chargeable with procrastination, laches or neglect. He did his duty and was entitled to a final judgment after the expiration of the time allowed him to plead to the amended answer. The dismissal of his action was a disregard of the cited code section.

The judgment is reversed.

Wood, J., and McComb, J., concurred.