[Civ. No. 17126.   Second Dist., Div. Three.   Mar. 27, 1950.]

DULCIE PIKE, Plaintiff and Appellant, v. PATRICIA RHINEHART et al., Defendants; SEABOARD FINANCE COMPANY (a Corporation), Defendant and Appellant.

William K. Young for Plaintiff and Appellant.

Bromley, Ritter & Lindersmith for Defendant and Appellant.

SHINN, P. J.—On September 15, 1945, plaintiff Dulcie Pike traded her 1940 Ford car to defendant Patricia Rhinehart, for the latter's 1941 Buick car which was then in a garage in Los Angeles awaiting repairs after it had been wrecked in an accident. The Ford was duly delivered and transferred to Mrs. Rhinehart. The Buick, however, was subject to a chattel mortgage in favor of American Trust Company of San Francisco upon which there was unpaid approximately $1,085. The Buick was registered with the Department of Motor Vehicles in the name of American Trust Company as legal owner and Patricia Rhinehart as registered owner. The ownership certificate was in the possession of the trust company and Mrs. Rhinehart either delivered the registered owner's certificate to Mrs. Pike or left it in the car. Mrs. Rhinehart agreed with Mrs. Pike that she would pay off the mortgage within five months and then deliver the certificate of ownership. On December 15, 1945, Mrs. Rhinehart and her husband borrowed $5,000 from Seaboard Finance Company, executing a note and chattel mortgage on a Lincoln automobile, the Buick car in question and other personal property. From the loan Seaboard paid off American Trust Company and received the ownership certificate bearing the trust company's release of its interest in the car but did not acquire American's note or mortgage. Seaboard caused a copy of its mortgage to be registered with the Motor Vehicle Department and sent on an application for transfer of the ownership to itself and for registration of the car in the name of Mrs. Rhinehart as registered owner. New certificates were issued to Seaboard and Mrs. Rhinehart. In June, 1946, the Seaboard loan was rearranged. Mrs. Rhinehart gave her note for some twenty-four hundred dollars and a chattel mortgage on the Buick and some household furniture; Mr. Rhinehart gave a separate note for the balance to Seaboard, secured by a mortgage on the Lincoln automobile and other property. Seaboard's original mortgage was cancelled and a copy of the new mortgages filed with the Motor Vehicle Department. Mrs. Rhinehart defaulted in her

payments to Seaboard and owed a balance of $1,125.51 in December, 1947, when Seaboard took possession of the car pursuant to the terms of the mortgage. Mrs. Pike brought the present action against Mrs. Rhinehart and Seaboard to determine ownership of the car and for damages, alleging that Seaboard took its mortgage with knowledge of plaintiff's rights, that the car was converted by Seaboard and asserting also a claim for loss of use of the car from the time it was seized by Seaboard. She also sought damages from Mrs. Rhinehart. A cross-complaint for damages was filed by Mrs. Rhinehart but it appears not to have been prosecuted. The judgment went against her declaring that she had no interest in the car and awarding Mrs. Pike damages in the sum of $1,000. Mrs. Rhinehart has not appealed.

The judgment declares Mrs. Pike to be the owner of the car and entitled to possession of it with evidence of title upon payment to Seaboard of the sum of $1,085 with interest from the time Seaboard paid off American Trust Company; it provides that if Seaboard fails to deliver the car and title upon payment of $1,085 within 30 days after the judgment becomes final, plaintiff shall have judgment against Seaboard for the sum of $500. An additional $500 was awarded plaintiff against Seaboard for loss of use of the car. Both Seaboard and plaintiff appeal.

It is obvious that as between plaintiff and Seaboard the determinative question was whether Seaboard acquired its mortgage lien December 15, 1945, for value, and without knowledge, actual or constructive, of plaintiff's claim of ownership.

The court made findings as follows: "It is true that on or about December 28, 1945 defendant Rhinehart and her husband applied to the San Francisco office of defendant Seaboard Finance Company for a loan in the sum of Five Thousand Dollars ($5000.00) upon security consisting of personal property including said Buick automobile; it is true that at said time defendant Rhinehart disclosed to defendant Seaboard Finance Company the fact of the existence of an agreement respecting said Buick automobile with plaintiff and that plaintiff had the possession or right of possession thereof and that said Buick automobile was then in a wrecked condition and situated in Los Angeles, California; it is true that defendant Seaboard Finance Company did not make any visual examination of said Buick automobile on or about December 28, 1945, or at any other time, and that it did not make any in-

quiry into the right of plaintiff in said Buick automobile, nor did it obtain from anyone the registration card hereinbefore referred to covering said Buick automobile. . . .

"It is true that at all times on and after December 28, 1945, that an interest in and to said Buick automobile existed on said date and prior thereto in favor of plaintiff, and that plaintiff had possession of said Buick automobile by virtue of said interest; it is true that such interest as defendant Seaboard Finance Company acquired in said Buick automobile is subject to the interest therein held by plaintiff on December 28, 1945.

"It is true that the reasonable market value of said Buick automobile on December 15, 1947 was Fifteen Hundred Eighty Five Dollars ($1585.00), and that the reasonable rental value thereof on said date was Ten Dollars ($10.00) per day. It is true that on or about December 15, 1947 defendant Seaboard Finance Company, without previous demand on or notice to plaintiff seized said Buick automobile while the same was in the possession of plaintiff and thereafter forcibly held possession of the same, and has continuously since that time had the possession thereof against the will and without the consent of plaintiff, during which period of time it has converted the same to its own use. That by reason of said conversion and deprivation of possession plaintiff has been damaged in the sum of Five Hundred Dollars ($500.00)."

The conclusions of law contain the following: "That on December 15, 1947 defendant Seaboard Finance Company wrongfully converted to its own use said Buick automobile, and that plaintiff is entitled to recover damaged in the further sum of Five Hundred Dollars ($500.00) from defendant Seaboard Finance Company representing the reasonable value of the loss of use of said Buick automobile arising by reason of said conversion.

"That plaintiff is entitled to recover damages against defendant Rhinehart in the sum of One Thousand Dollars ($1,000.00) arising by reason of the failure of defendant Rhinehart to discharge the encumbrance on said Buick automobile."

■ The declaration in the findings that the interest of Seaboard is subject to the interest of plaintiff is a conclusion of law. ■ The declaration in the conclusions of law that "Seaboard wrongfully converted to its own use said automobile" is a finding of fact.

According to the findings, plaintiff exchanged her Ford

car for the Buick and Mrs. Rhinehart agreed to deliver the legal ownership certificate within five months. If Seaboard had actual or constructive knowledge of this agreement at the time it took the $5,000 chattel mortgage on the Buick, the mortgage would not constitute a valid lien as against plaintiff. If Seaboard acquired its mortgage on the car in good faith and for value without actual or constructive knowledge of plaintiff's rights, the mortgage was valid as to plaintiff. In the first case, seizure of the car by Seaboard would have been a conversion entitling plaintiff to recover the full value of the car. In the second case, the seizure would have been lawful if it was authorized by the mortgage, would not have amounted to a conversion, and plaintiff would have had no right to recover the value of the car, in whole or in part, or damages for loss of use.

■ There is an obvious insufficiency of the special finding that Seaboard had knowledge of some agreement between plaintiff and Mrs. Rhinehart to support the general finding that the seizure of the car by Seaboard amounted to a conversion, and the latter is in conflict with the requirement of the judgment that gives Seaboard a lien on the car. We notice that the first finding as originally drawn stated that Mrs. Rhinehart disclosed to Seaboard the fact of the existence of *her* agreement with plaintiff, and that the trial judge crossed out the word "her" and inserted the word "an." Apparently the court believed that Mrs. Rhinehart disclosed to Seaboard the existence of some sort of an agreement with plaintiff. The court did not find, however, that she informed Seaboard that she had traded the Buick to plaintiff for a Ford. The ambiguity of this finding is significant. The only evidence in the record respecting information given to Seaboard at the time the $5,000 loan was negotiated consists of the testimony of Mr. Larsen, Seaboard's agent, and Mrs. Rhinehart. Larsen's testimony, given by deposition, was that he had no recollection of receiving information that plaintiff had any claim upon the car. Mrs. Rhinehart testified that she stated to Larsen that her husband had promised to give the car to plaintiff's son, Bob Southern, when the chattel mortgage to American Trust Company had been paid off and the ownership certificate surrendered to Mrs. Rhinehart. Nothing was mentioned in the conversations with respect to any claim plaintiff might have, nor was Larsen informed that Mrs. Rhinehart had received the Ford from plaintiff in exchange for the Buick. ■ All the evidence as to the agreement between

plaintiff and Mrs. Rhinehart was excluded as to Seaboard upon the ground that it was hearsay. This was error. The evidence was a necessary part of plaintiff's case against Seaboard. In connection with this issue, the court found that Mrs. Rhinehart disclosed to Seaboard "that plaintiff had the possession or right of possession thereof," but it is impossible to determine from this finding what information was conveyed to Seaboard since the court declined to find that she told Seaboard of her agreement with plaintiff. The findings and conclusions as a whole are to the effect that plaintiff's rights are superior to those of Seaboard, and Seaboard's rights are superior to those of plaintiff. By the judgment each of these parties seems to have won the lawsuit and also lost it. If plaintiff's rights were superior she should not have been required to pay Seaboard $1,085 to satisfy its lien. If Seaboard had a valid lien it was not guilty of conversion or liable in damages. It was necessary for the trial court to determine exactly what knowledge or information was possessed by Seaboard with respect to plaintiff's rights or claims, and also to make a finding as to whether such knowledge or information was sufficient to put Seaboard on inquiry. These are questions of fact for the trial court. (*Bliss* v. *Martin*, 74 Cal.App.2d 500, 506 [169 P.2d 61]; *Shapiro* v. *Equitable Life Assur. Soc.*, 76 Cal. App.2d 75, 88 [172 P.2d 725]; *West* v. *Great Western Power Co.*, 36 Cal.App.2d 403 [97 P.2d 1014].)

The finding that Seaboard was informed that Mrs. Rhinehart had made some agreement with plaintiff with respect to the Buick and that plaintiff had possession or a right of possession is manifestly ambiguous and insufficient. It is not for this court to weigh the testimony of Mrs. Rhinehart and Larsen in order to make a finding as to the information conveyed to Seaboard by Mrs. Rhinehart and a further finding as to whether such information was sufficient to put Seaboard on notice. The action must be retried in order that the trial court may make specific findings upon these issues. The court found that Seaboard was estopped to assert its lien as against plaintiff, but as this finding depended upon the inadequate finding as to notice, the two must fall together.

The judgment is reversed for further proceedings in accordance with the views herein expressed and without costs to either party.

Wood, J., and Vallée, J., concurred.

A petition for a rehearing was denied April 20, 1950.