[Civ. No. 18873. Second Dist., Div. One. Aug. 6, 1952.]

DULCIE PIKE, Appellant, v. PATRICIA RHINEHART et al., Defendants; SEABOARD FINANCE COMPANY (a Corporation), Respondent.

William K. Young for Appellant.

Bromley, Ritter & Lindersmith for Respondent.

DRAPEAU, J.—Back in 1945 plaintiff, Mrs. Dulcie Pike, owned a Ford automobile. Defendant, Patricia Rhinehart, owned a Buick. Mrs. Pike lived in Los Angeles; Mrs. Rhinehart lived in San Francisco.

While Mrs. Rhinehart, her husband, and her son were visiting in Los Angeles the Buick was wrecked. It was in a garage to be repaired, but was not in shape to be driven. The Rhineharts needed immediate transportation to get home to San Francisco. So they traded their Buick for Mrs. Pike's Ford, and in a day or two they went home. In a short time the Buick was repaired and delivered to Mrs. Pike.

Now, let's go on with this modern tale of two cities. There was a chattel mortgage on the Buick; Mrs. Pike's title to her Ford was clear. So Mrs. Pike transferred title to the Ford by endorsing her certificate of ownership and registration card. But, unfortunately for her, she did not insist on a like transfer of the Buick to her. She just took Mrs. Rhinehart's word that four or five payments were still due on the Buick, two or three hundred dollars, and Mrs. Rhinehart's promise to make these payments. Had Mrs. Pike followed the plain provisions of the Motor Vehicle Code she would have been spared the trouble and loss which befell her.

Instead of keeping her promise and clearing title to the Buick, Mrs. Rhinehart thereafter on two occasions pledged it, with other assets, to defendant Seaboard Finance Company; first to secure a loan of $5,000 to her and her husband, and, later, when she and her husband separated, for $2,458.94 of the $5,000, which she assumed and agreed to pay.

When the $5,000 loan was made the balance due on the chattel mortgage on the Buick when it was traded was paid.

In all these transactions the pink slip followed the obligation,—from American Trust Company, who had it when the Buick was delivered to Mrs. Pike, to Seaboard, as partial security for the last two mentioned obligations. Eventually Mrs. Rhinehart defaulted on the last loan, and Seaboard took the Buick away from Mrs. Pike.

Then Mrs. Pike brought this action against Mrs. Rhinehart and Seaboard. It was adjudged in the superior court that she recover $1,000 damages from Mrs. Rhinehart, and that she was the owner of, and entitled to possession of the Buick upon paying to Seaboard $1,085, the balance found by the trial court to be due at the time of Seaboard's repossession.

Mrs. Rhinehart did not appeal from the judgment; Mrs. Pike and Seaboard did. The judgment was reversed by this

court (*Pike* v. *Rhinehart,* 96 Cal.App.2d 645, 647 [216 P.2d 101]) for the reason, as stated in the opinion, that the determinative question as between Mrs. Pike and Seaboard was whether Seaboard acquired its mortgage lien for value and without notice, actual or constructive, of plaintiff's ownership; and that, as to this fact, the findings were insufficient and in conflict with the judgment.

The case was retried in the superior court on this issue. The trial court found that Seaboard had no notice, and adjudged that Seaboard owned the Buick and that Mrs. Pike had no interest in it.

From this judgment Mrs. Pike appeals.

A review of the record shows that the evidence sustains the findings and the judgment. In this respect plaintiff seriously argues that Seaboard must have been on notice, because in order to secure the transfer of the certificate of ownership, the white slip, by the Motor Vehicle Department from American Trust Company to Seaboard, Seaboard furnished the department a forged application for transfer of the white slip.

Transfer of legal title to motor vehicles is, as it necessarily must be, regulated under our law. Old rules respecting transfer of personal property give way to those set forth in the Vehicle Code. (*Parke* v. *Franciscus,* 194 Cal. 284 [228 P. 435].) Concededly American Trust Company was the legal owner of the Buick. It held the pink slip. Concededly Mrs. Rhinehart was the registered owner. She held the white slip, and Mrs. Pike did nothing to change it. The record is not clear as to whether the white slip remained in the Buick or was delivered to Mrs. Pike when the trade was made.

Section 183 of the Vehicle Code provides that the legal owner may assign his title or interest in or to a vehicle without the consent of, and without affecting the interest of the registered owner. When the first Seaboard loan was made, an application for a duplicate registration card was sent to the Motor Vehicle Department along with the other transfer papers. This was done by Seaboard.

Mrs. Rhinehart testified that the name signed to the application for a duplicate registration card was not her signature. But her testimony is not of much weight. First she said Seaboard had been notified of Mrs. Pike's interest in the Buick, and then she said it had not. Her name did appear upon the request to the department for a duplicate registration card. Evidently the trial court did not believe her when

she said it was not her signature. This was, of course, logical, for the request for a duplicate white slip followed the pattern set by Mrs. Rhinehart herself when she pledged her friend's car to secure her own loan.

Mrs. Pike further contends: (1) that the trial court failed to find specifically that Seaboard knew or should have known that Mrs. Rhinehart did not have and was not entitled to possession of the Buick, and did not have any right, title, or interest in it; and (2) that the finding that Seaboard was not estopped was wrong.

Mrs. Pike's contention as to the court's failure to specifically find is untenable, for the reason that the judgment is sufficiently supported by other findings. Her contention as to estoppel is also untenable, for there is evidence which supports the court's finding in this respect. ■ The existence of estoppel is a question of fact for the determination of the trial court. (*Parke* v. *Franciscus,* 194 Cal. 284 [228 P. 435] ; *Hammond Lbr. Co.* v. *Weeks,* 105 Cal.App. 315 [287 P. 573].)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied August 28, 1952, and appellant's petition for a hearing by the Supreme Court was denied October 2, 1952.