CONLEY, P. J.
The plaintiff and appellant, C. Talbot, sued the defendants as assignee of Georgia-Pacific Corporation *Supp. 873 for a balance claimed to be due in the sum of $2,092.82 for goods, wares and merchandise sold and delivered and upon a book account and an account stated and attached a 1957 Ford pickup. The Mercantile Acceptance Company, a corporation, filed a third party claim, which was resisted by the plaintiff by the filing of a statement of invalidity. A hearing was had before the trial judge who entered a judgment that the third party claimant was the owner and entitled to the possession of the personal property levied upon. The plaintiff appeals.
 This action tests the relative merits of an underlying claim of title to personal property as contrasted with ownership as evidenced by the indicia provided for by the Motor Vehicle Act. The records showed that one Ben Benson originally owned the Ford pickup, having purchased it in November of 1957. The purchase was financed through the First Western Bank, Mayfair Center, Fresno, and was registered in the name of Builterials Company, a fictitious name for Mr. Benson as registered owner, and First Western Bank as legal owner. Later Benson incorporated the Builterials Company and by separate instrument transferred all of the assets of Ben Benson, doing business as Builterials Company, to the corporation in January o£ 1958; these assets included the pickup truck in question, but instead of endorsing the pink slip and complying with the requirements of the Vehicle Act to effectuate the transfer, Benson signed a power of attorney in favor of Frances Slifman; the Mercantile Acceptance Company, acting in good faith, paid off the existing enemnberance and loaned to Mrs. Slifman an additional sum of money in consideration of adding the automobile to the property securing the Slifman loan. The balance due the First Western Bank was $584.90, which the Mercantile Acceptance Company paid off.
Who should have the right to the security here—the legal owner whose name was set forth on the pink slip in due compliance with the requirements of the Vehicle Code, or an attaching creditor of the corporation?
It should be borne in mind that this ease does not involve the liability of Benson, or the liability of Frances Slifman, to any person. Mercantile Acceptance Company is in the position of an innocent third party who in good faith has parted with value in reliance upon the indicia of ownership provided by our law in the Vehicle Code.
As is said in Pike v. Rhineharf, 112 Cal.App.2d 530 532 [246 P.2d 963] : “Old rules respecting transfer of personal *Supp. 874 property give way to those set forth in the Vehicle Code.” See also Parke v. Franciscus, 194 Cal. 284 [228 P. 435]; Singleton v. Perry, 45 Cal.2d 489, 493 [289 P.2d 794] ; Vehicle Code, section 186*; 6 Cal.Jur.2d, 486.
The judgment is affirmed.
Popovich, J., concurred.
(Judge Matt Goldstein, deeming himself disqualified, took no part in the decision of this case.)

Section as numbered prior to 1959 reeodification.