[S. F. No. 6408. Department One.—January 26, 1915.]

JOSEPH H. GOLDMAN, Appellant, v. WILLIAM PALM-TAG, Respondent.

PRACTICE—DISMISSAL FOR WANT OF PROSECUTION—DISCRETION—APPEAL. The supreme court cannot say that the dismissal of the present case for want of prosecution, based on the plaintiff's failure to bring it to trial within two years after the filing of an amended answer, was an abuse of discretion, where the only showing made in excuse of the delay was that during a period of four months the illness of plaintiff's counsel prevented his attending to business, and that for the rest of the two years he was engaged with other business affairs.

ID.—CONSIDERATION OF PROCEEDINGS HAD BEFORE FILING OF AMENDED ANSWER.—In determining the motion to dismiss the trial court had the right to consider the history of the case prior to the filing of the amended answer.

APPEAL from a judgment of the Superior Court of San Benito County. M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

C. H. Wilson, and George W. Jean, for Appellant.

F. H. Gould, H. W. Scott, Jno. L. Hudner, and Briggs & Hudner, for Respondent.

At the close of the argument Sloss, J., delivered the opinion of the court, Shaw, J., and Lawlor, J., concurring:

The plaintiff appeals from a judgment dismissing his action for want of prosecution.

The court is of the opinion that while the case presents elements of hardship, it is one in which we cannot say, as an appellate court, that there was an abuse of discretion in granting the motion. It appears that the amended answer, if we look to that alone, was filed on the seventh day of April, 1910, the notice of motion to dismiss for want of prosecution was filed on April 17, 1912, and the motion granted and the case dismissed on May 15, 1912. The notice was, therefore, given more than two years after the filing of the amended answer. The time was but little more than the statutory period after which the court has discretion to dismiss (Code Civ. Proc., sec. 583), and there is an undisputed showing of facts which to some extent excuse the delay. But if we analyze these facts, we find a period of four months during which Mr. Wilson's illness prevented his attending to business, while for the rest of the two years the only showing is that he was engaged with other business affairs. It was for the court below to determine, in the first instance, whether the other engagements of counsel afforded sufficient excuse for the failure to bring this action on for trial. I think furthermore, that the court had the right to consider the history of the case prior to the filing of the amended answer, and that upon the entire record enough appears to protect the ruling of the trial court from successful attack here.

The judgment is affirmed.