[Civ. No. 6070. First Appellate District, Division Two.—February 8, 1928.]

E. S. ST. CLAIR, Appellant, v. EMMA M. BRIX et al., Respondents.

F. E. Borton and James Petrini for Appellant.

Fenston & Williams, Chester O. Hansen and Ray W. Hays for Respondents.

LUCAS, J., *pro tem.*—Plaintiff appeals from a judgment of dismissal for want of prosecution.

This action, originally begun in Kern County, was by stipulation transferred to Fresno County, the original complaint being filed therein on May 5, 1915. Issue was joined

on November 22, 1916, the case set for trial for April 26, 1917, and thereafter reset for December 4, 1917. By reason of the death of the original·defendant, plaintiff was permitted to file and did file on November 26, 1917, an amended and supplemental complaint substituting defendant's administrators as parties defendant and alleging due presentation and rejection of the claim upon which plaintiff's original cause of action was based. Defendants were granted ten days in which to answer.

On November 26, 1917, M. B. Harris of Fresno, then one of the attorneys of record for defendants, wrote Anderson and Borton of Bakersfield, attorneys for plaintiff, advising them that the court would not set the case for trial until it was at issue and saying that he would therefore have to wait until the filing of defendants' answer before arranging for the trial. Anderson and Borton replied on November 27, 1917, suggesting the possibility of stipulating to certain facts and concluding, "You might find it desirable, if we attempt to ascertain and stipulate these facts, to postpone answering the amended complaint until we have settled upon the stipulated facts. Should you see fit to do so you can regard this letter as an indefinite extension of time to answer, while we are investigating the question of stipulation." Mr. Harris answered on November 30, 1917, "I think we can probably stipulate to the matters suggested in your letter. As soon as I can, I will have these facts investigated, and will then write you definitely. Meantime, we will understand that my answer need not come in until we either stipulate or decide not to stipulate, it being understood of course, that this only means a reasonable delay on my part."

During the ensuing six years plaintiff's prosecution of the cause consisted in his counsel writing four letters to Mr. Harris in reference to dates of trial and the filing of an answer. Replies were received to two of them.

On February 19, 1924, Mr. Borton wrote Mr. Harris in reference to taking the testimony of a certain witness and inclosing a stipulation to be signed by counsel. By letter dated February 25, 1924, Mr. Harris advised that Mr. Earl J. Fenstermacher of Fresno was now defendants' attorney, though formal substitution had never been filed and that Mr. Borton's letter and papers in the case had been turned

over to him. Mr. Borton received no further letter from Mr. Harris. On December 4, 1924, Mr. Borton went to Fresno, called at Mr. Fenstermacher's office, and finding he was absent from the city that day, left word with his clerk that defendants had been in default for seven years—and that he desired a stipulation for the taking of a deposition. Having received no word from Mr. Fenstermacher, Mr. Borton, under date of December 11, 1924, wrote him reminding him of his visit and asked him to file his answer and sign the stipulation. On the same date Mr. Borton wrote Mr. Harris, saying he had in mind to take a default if Mr. Fenstermacher did not answer, but that he hesitated to do so in a case where Mr. Harris was attorney of record without giving full and sufficient notice. He asked Mr. Harris to urge Mr. Fenstermacher to file an answer and sign the stipulation.

On December 15, 1924, Mr. Borton received a letter from Mr. Fenstermacher in reply to his of December 11th. In it Mr. Fenstermacher said: "We are now looking into the matter and will again communicate with you in regard to the same, within the next few days."

When Mr. Borton next heard from Mr. Fenstermacher it was on January 9, 1925, when he received notice of motion to dismiss for want of prosecution. The same day the court made its order granting defendants time to appear.

Thereafter and on January 14th plaintiff's attorneys delivered to the clerk for filing a request and order for the entry of defendants' default. The clerk filed this request on January 20th, but did not enter the default. Subsequently plaintiff moved the court to enter the default of the defendants and for judgment in favor of plaintiff and against defendants. This motion was argued and submitted at the same time defendants' motion to dismiss was presented, to wit, on January 23d. On January 17th the court extended defendants' time to appear, and on February 5th and February 14th, respectively, the court made orders granting defendants ten days' additional time in which to file their answer. No answer, however, was ever filed and on March 18, 1925, the court made the following order:

"Defendants' motion for an order of court dismissing the above entitled action having been heretofore argued herein, and submitted to the court for its decision, and by the court

taken under advisement; and the court, now being fully advised in the premises, renders its decision, wherein it is ordered, that said motion be and it is hereby granted, and said action is hereby dismissed.''

The court did not otherwise pass upon plaintiff's motion for default, and a judgment of dismissal was entered, from which plaintiff appeals.

Appellant contends (1) that he had an absolute right to the entry of a default on January 14th when the request for default was handed to the clerk; (2) assigns as error the court's action in ''denying the motion of plaintiff to enter the default of defendants''; and (3) complains that the making of the order of dismissal constituted an abuse of discretion.

■ In view of the rule laid down in *Grigsby* v. *Napa County*, 36 Cal. 585, at 589 [95 Am. Dec. 213], the matter of plaintiff's absolute right to the entry of a default by the clerk is immaterial.

In that case defendant noticed its motion to dismiss for want of due diligence the day before summons was served. Before the motion was heard plaintiff caused the default of the defendant to be regularly entered. At the time defendant's motion was presented, plaintiff offered to prove damages and moved for final judgment. The court nevertheless granted the motion to dismiss. The supreme court, in upholding the trial court's action, held:

''The order dismissing the cause took effect by relation from the time when the notice of motion was served. . . . the mere noting of the default did not in law preclude the court from entertaining the motion to dismiss.''

■ This case also appears to effectually dispose of appellant's second point, namely, that the trial court erred in denying, or rather in refusing to pass upon plaintiff's motion for entry of default.

To the same general effect is the case of *Romero* v. *Snyder*, 167 Cal. 216, at 220 [138 Pac. 1002]. ''The situation existing at the time the motion [to dismiss for want of diligence in prosecution] was noticed is that which controls its determination.''

It is to be borne in mind that from November 26, 1917, the date of the filing of plaintiff's amended complaint, until January 14, 1925 (five days after the filing of defendants'

motion to dismiss), a period of more than seven years, plaintiff made no attempt to secure a default. Such was the situation existing when the motion to dismiss was noticed. There being no motion for a default pending at the time the motion to dismiss was noticed, the trial court very properly first considered defendants' motion. Having seen fit to dismiss the action, the application for default fell.

The remaining question is whether or not the trial court, in view of the circumstances as they existed at the time the motion to dismiss was noticed, was guilty of an abuse of discretion in granting such motion.

It is agreed by counsel, and indeed is well settled law, that in the court, independent of legislation, is vested general discretionary power to dismiss for want of prosecution in actions in which no answer has been filed. (*Romero* v. *Snyder, supra; Overaa* v. *Keeney,* 169 Cal. 628 [147 Pac. 466].)

It is also well settled that it is incumbent upon the appellant to establish affirmatively that there has been an abuse of discretion. (*Grigsby* v. *Napa County, supra.*)

In the exercise of its discretion the trial court had a right to, and presumably did, take into consideration all the facts appearing in the affidavits and the record (*People's Home Savings Bank* v. *Sherman,* 150 Cal. 793, at 796 [90 Pac. 133]), including the fact that plaintiff's courteous offer to extend defendants' time to answer had its inception, at least in part, in a desire to secure defendants' stipulation to certain facts and that while threatening a default some seven years later, he was still attempting to secure a stipulation—this time in reference to the taking of a deposition. From this it would appear that at no time was plaintiff prepared for immediate trial. A letter from plaintiff's counsel bearing date March 20, 1923, written after a period of inaction of almost two and a half years, may also have been considered significant: ''My client spoke to me recently and said that he was prepared to try the case now.''

The trial court further had the right to consider, and presumably did consider, that the duty rests upon the plaintiff at every stage of the proceedings to use due diligence to expedite his case to a final determination. (*Raggio*

v. *Southern Pacific Co.*, 181 Cal. 472, at 475 [185 Pac. 171].)

■ While it may seem harsh that a plaintiff who has refrained from taking a default for a long period of time is ultimately in effect himself defaulted, the complete answer under the rule last above stated is that his predicament is due entirely to his own lack of diligence rather than to defendants' neglect.

Had plaintiff's interests demanded, or had his attorneys earnestly desired an early trial, it was easily within their power during at least the first year or two of defendants' default to secure either a trial on the merits or to obtain a justifiable default. By written notice to the effect that a default would have to be taken unless an answer was filed within a stipulated time plaintiff would have complied both with the rule of due diligence and the requirements of legal ethics.

In the light of the foregoing discussion and the rule that "an enactment to prevent unlimited postponement of trials is to an extent one of public policy as well as of private concern to litigants" (*City of Los Angeles* v. *Superior Court*, 185 Cal., at 405 [197 Pac. 79]), we believe the court in nowise abused its discretion in granting the motion to dismiss.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 7, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1928.

All the Justices concurred.