[Civ. No. 7506. First Appellate District, Division One.—April 27, 1931.]

GEORGE F. BARRY, Jr., Appellant, v. MORRIS LEARNER et al., Respondents.

George F. Barry, Jr., *in pro. per.*, Milton T. U'Ren and Marshall B. Woodworth for Appellant.

Glickman & Glickman for Respondents.

THE COURT.—Plaintiff brought this action to recover the sum of $9,500 claimed to be due as commissions in connection with the sale of a ship. The complaint was filed on August 18, 1925, and defendants answered on December 9, 1925. Four years later and on December 7, 1929, pursuant to a motion made by the defendants for such purpose, the trial court dismissed the action upon the ground that the same had not been brought to trial within the statutory period of two years after the answer had been filed, as required by section 583 of the Code of Civil Procedure, prior to its amendment in 1929 (Stats. 1929, p. 683), and from the judgment of dismissal entered thereon plaintiff took an appeal.

After taking the appeal plaintiff moved to vacate the judgment of dismissal. The motion was heard and denied; and plaintiff has appealed also from the order made in that behalf. It is a general rule, however, that an order refusing to vacate a final judgment is not appealable if the grounds upon which the party sought to have the same vacated existed before the entry of the judgment and were available on an appeal from the judgment, the main reason for the rule being that if such an appeal were allowed it would be virtually allowing two appeals from the same ruling, one from the judgment and the other from the negative action of the court declining to disturb the judgment (2 Cal. Jur. 164). All of the matters urged in support of the motion to vacate were available to plaintiff at the time the motion to dismiss was heard and determined, and most of them were presented therein. The appeal from the order denying the motion to vacate is therefore dismissed.

The appeal from the judgment of dismissal is taken on a bill of exceptions and the following facts appear therefrom: After the answer was filed on December 9, 1925, plaintiff did nothing to bring the action to trial until November 25, 1927, at which time he served notice of motion to set the cause for trial; and on December 2, 1927, an order was made fixing March 14, 1928, as the date of trial; but prior to March 1, 1928, plaintiff requested a continuance, and in response thereto defendants' attorneys wrote plaintiff's attorneys that it would "be satisfactory" to their clients "to drop the above cause from the trial calen-

dar''; and an order was made to that effect. Plaintiff then allowed the cause to lie dormant until December 29, 1928, at which time he served a second notice of motion to set the cause for trial; and on February 4, 1929, the court fixed March 12, 1929, as the trial date, but when the cause was called for trial it was dropped from the trial calendar at plaintiff's request and placed at the foot of the ''civil active list''. (See rules II and III of Judicial Council regulating business of the Superior Court.) Thereafter and on May 6, 1929, pursuant to said rules the court took the cause from the ''civil active list'' and set the same for trial on June 10, 1929, but on the day set counsel for defendants were engaged in the trial of another action in another court, and consequently the cause was again taken from the trial calendar and placed at the foot of the ''civil active list''. On September 3, 1929, and after due notice was delivered at the office of plaintiff, who is a practicing attorney, the court again took the cause from the ''civil active list'' for the purpose of setting it for trial, but there was no appearance on the part of plaintiff, and it was again dropped from the calendar. About six weeks later and on October 26, 1929, plaintiff served a third notice of motion to set the cause for trial, and in pursuance thereof the court on December 2, 1929, set the cause for trial on January 13, 1930. This last motion was supported by plaintiff's affidavit setting forth reasons for his failure to appear in court on September 3, 1929. In this regard it was averred that on August 28, 1929, he returned from the state of Washington, where he had taken the deposition of a witness to be used in this action, and that immediately upon his return he started to move his offices, and that through the inadvertence of his clerk the notice to appear on September 3, 1929, was not called to his attention until September 4, 1929. Shortly after the cause was set for trial the last time, defendants served notice of motion to dismiss for want of prosecution, and as stated, on December 7, 1929, the motion was granted.

Section 583 of the Code of Civil Procedure provides in part: ''The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after answer filed to bring such action

to trial." And it has been a rule long established that unless it is made to appear that there has been a gross abuse of discretion the decision of the trial court will not be disturbed on appeal. (*Oberkotter* v. *Spreckels,* 64 Cal. App. 470 [221 Pac. 698, 699]; *Martin* v. *City and County of San Francisco,* 131 Cal. 575 [63 Pac. 913]; *Marks* v. *Keenan,* 148 Cal. 161 [82 Pac. 772]; *Hassey* v. *South San Francisco Homestead etc. Assn.,* 102 Cal. 611 [36 Pac. 945].)
After an examination of the record before us we find nothing therein from which it may be concluded that the trial court abused its discretion in granting defendants' motion to dismiss. True, defendants on one occasion acquiesced in plaintiff's request that the case be dropped from the trial calendar, and they asked for one continuance themselves on account of other court engagements. But neither of those transactions can be said to have tolled the two-year period fixed by the statute, because they both occurred long after such period had expired; and the argument made by plaintiff in urging that the acts above mentioned operated as a waiver of defendants' right afterward to seek dismissal upon the ground of want of prosecution is fully answered in the negative by the decisions in the cases of *Miller & Lux Inc.* v. *Superior Court,* 192 Cal. 333 [219 Pac. 1006], and *Los Angeles* v. *Superior Court,* 185 Cal. 405 [197 Pac. 79]. As held in the latter case, defendants were still at liberty, after those transactions occurred, to move, within a reasonable time, for a dismissal for want of prosecution.
Admittedly, both of the cases last cited arose under the five-year provision of said section 583, which is held to be mandatory, whereas the present case involves only the two-year provision of said section, which vests in the trial court a discretionary power to dismiss; but the distinction mentioned is unimportant, because it is evident that in the exercise of its discretionary power under the two-year provision the court was not bound to conclude that either of the above transactions constituted a waiver or an equitable estoppel.
At the hearing of the motion to dismiss, plaintiff sought to excuse the four years' delay upon the ground of the sickness and death of one of his attorneys and the sudden death of another. With reference thereto the record shows that at the time the complaint was filed plaintiff was

represented by the firm of Williams, Kelly and McDonald; and it appears from plaintiff's affidavit, which was filed in opposition to the motion to dismiss, that he was associated with said firm and relied upon Mr. Williams to conduct the case; that in January, 1928, while in New York, Mr. Williams was stricken ill, and that after he was able to return to California he was confined to the hospital and to his home up to the time of his death, which occurred in July, 1929; also, that in October, 1928, Mr. Kelly was suddenly stricken and died. It has been held, however, that neither the illness (*Goldman* v. *Palmtag,* 169 Cal. 170 [146 Pac. 429]) nor the death (*Miller & Lux Inc.* v. *Superior Court, supra*) of an attorney serves as an excuse for delay in the prosecution of an action; and, moreover, it will be noted that the illness of Mr. Williams and the death of Mr. Kelly occurred long after the two-year period of the statute. had run. And besides, according to plaintiff's affidavit, other counsel was associated with said firm since the commencement of the action. ■ Some suggestion is made that part of the delay was due to the fact that plaintiff was in need of the testimony of certain witnesses residing out of the state, but it clearly appears that plaintiff had ample time to obtain such testimony during the two-year period succeeding the filing of the answer and prior to the illness of Mr. Williams and the death of Mr. Kelly.

Nor was there any duty imposed upon the defendants to bring the case to trial. As held in *Oberkotter* v. *Spreckels, supra:* ''The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step.''

The judgment of dismissal is affirmed.