[Civ. No. 17116. First Dist., Div. Two. Apr. 22, 1957.]

SATENIG GUNNER, Appellant, v. VAN NESS GARAGE (Individual's Fictitious Name) et al., Respondents.

Noal R. Gray and Hutchinson & Quattrin for Appellant.

Daniel J. O'Brien, Jr., Daniel J. O'Brien III, Alexander, Bacon & Mundhenk and Herbert Chamberlin for Respondents.

DOOLING, J.—Plaintiff, Satenig Gunner, appeals from a judgment of dismissal entered on the defendants' motions based upon her failure to prosecute her action with reasonable diligence. The original complaint was filed on December 20, 1950. No service was made on any of the defendants until September 17, 1953, and the last defendant served was the defendant Mohawk Petroleum Corporation on December 16, 1953.

Certain of the defendants filed a demurrer on August 4, 1954. An amended complaint was filed on September 10, 1954, to which the same defendants filed a demurrer on September 28, 1954. This demurrer was overruled on November 17, 1954. On November 29, 1954, these defendants secured an extension of time to file a pleading and on December 8, 1954, an answer was filed to the amended complaint. Counsel

for plaintiff filed a memorandum to set the case for trial on December 16, 1954, and a notice of motion to advance the case on the trial calendar on December 22, 1954. As a result the case was placed on the jury calendar with the trial date set for February 28, 1955.

The other defendants had a stipulation in writing that they need not file a pleading until they received 10 days' notice from plaintiff's counsel. The record does not show whether or not they received such notice but on January 19, 1955, these defendants by order of the court were given until January 30, 1955, to file a pleading. On January 31, 1955, these defendants filed their answer. These defendants filed their notice of motion to dismiss on February 16, 1955, and a similar motion was filed by the other set of defendants on February 28, 1955.

The motions were heard on extensive affidavits and counter-affidavits and the court granted the motions to dismiss by minute order entered March 17, 1955.

The motions were based on the discretionary power of the trial court to dismiss where the case is not brought to trial within two years after the filing of the action. (Code Civ. Proc., § 583.)

Certain principles in this field of the law are well settled: 1. That the burden is at all times on the plaintiff to use diligence at every step of the proceeding to expedite his case to final determination, and no affirmative duty to do more than meet the plaintiff step by step is cast on the defendant. (*Oberkotter* v. *Spreckels*, 64 Cal.App. 470, 473 [221 P. 698]; *Steinbauer* v. *Bondesen*, 125 Cal.App. 419, 426-427 [14 P.2d 106]; *Continental Pac. Lines* v. *Superior Court*, 142 Cal.App. 2d 744, 753 [299 P.2d 417].) 2. In acting on such a motion the trial court has a wide discretion which will only be disturbed by an appellate court in case of manifest abuse. (*Hayashi* v. *Lorenz*, 42 Cal.2d 848, 851 [271 P.2d 18]; *Hillsdale Builders Supply Co.* v. *Eichler*, 109 Cal.App.2d 117, 118 [240 P.2d 343]; *Steinbauer* v. *Bondesen, supra*, 125 Cal.App. 419, 427.)

Plaintiff waited almost three years to serve the summons upon the defendants. If the summons had not been served within the three-year period the dismissal of the action would have been mandatory under Code of Civil Procedure, section 581a. There was very little excuse offered by plaintiff for this long delay. The fact that plaintiff changed her counsel twice during this period was no concern of the defendants

who were only required to meet her step by step. Some effort was made to show that the delay was due to negotiations for settlement but according to the defendants' affidavits, which we must assume the trial court believed, any such negotiations were sporadic and not continuous nor of such a character as to excuse or explain the long delay in the service of summons.

When the defendants had been finally served with summons plaintiff's then counsel informed the attorneys for defendants that he planned to file an amended complaint and assured them that they need not plead until he did so. This was followed by the written stipulation in the case of one set of defendants giving them until 10 days after notice to file a pleading. In spite of the expressed intention to file an amended complaint such amended complaint was not filed until September 10, 1954, almost a year after service of summons on the defendants. We may concede that plaintiff's counsel proceeded with diligence from the time of the filing of the amended complaint, but a belated manifestation of diligence could not operate to excuse the earlier lack of diligence which extended over a period of nearly four years, from December 1950 to September 1954. The only excuse suggested for the delay from the serving of summons to the filing of the amended complaint was one exchange of letters suggesting the possibility of a settlement which was closed by a flat refusal to consider the proposal of plaintiff on April 2, 1954. This whole negotiation covered a period of only a few weeks.

On the whole evidence we can find no abuse of discretion in the determination of the trial court that plaintiff did not prosecute her action with reasonable diligence. The court could reasonably find that from the filing of the complaint on December 20, 1950, to the filing of the amended complaint on September 10, 1954, plaintiff was guilty of inexcusable delay in expediting her action against defendants.

Plaintiff seeks to excuse herself by the facts that the case was actually set for trial, and that certain defendants obtained time to plead to the amended complaint by order of court. As we view the situation disclosed by the record these facts are immaterial since the inexcusable delay to support the trial court's order may be found in the period before the filing of the amended complaint. ▪▪▪ Counsel have cited no case holding that tardiness in making the motion to dismiss will excuse the plaintiff's previous inexcusable delay. The cases are to the contrary. (*Netzley* v. *Hillstrom,* 122 Cal.App.2d 417, 421 [265 P.2d 57] ; *Barry* v. *Learner,* 113 Cal.App. 651, 655 [299 P. 82].)

In fairness to appellant's counsel on this appeal it should be noted that they did not represent plaintiff at any stage in the trial court.

Judgment of dismissal affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 19, 1957. Carter, J., was of the opinion that the petition should be granted.