[Civ. No. 23087. Second Dist., Div. One. July 15, 1958.]

MARSHA CAROL RUBY, a Minor, etc., et al., Appellants, v. JOSEPH H. WELLINGTON et al., Respondents.

Koos & Lindstrom and Edward Clayton Jones for Appellants.

James V. Brewer for Respondents.

LILLIE, J.—Plaintiffs appeal from an order granting defendants' motion to dismiss pursuant to the provisions of section 583 of the Code of Civil Procedure and a judgment of dismissal following the order.

On August 14, 1952, the plaintiffs filed a personal injury complaint against defendants Wellington, represented by

James V. Brewer, Esq., and other defendants not directly concerned with this appeal. The record does not disclose the action taken during the succeeding four years, but the cause was set for trial June 21, 1956. On that date it was placed off calendar subject to being reset for trial by stipulation at the expiration of 30 days. One year later on June 21, 1957, plaintiffs' counsel, having obtained dates for pretrial and trial from the clerk in department 1, telephoned defendants' counsel to verify his availability on those days. Unable to contact Mr. Brewer personally, plaintiffs' counsel talked to his calendar clerk, related his conversation with the court clerk and counsel for codefendants and asked her if ''Mr. Brewer's office'' would stipulate to the dates of October 28, 1957, for pretrial and December 12, 1957, for trial. Although both of these fell more than five years beyond the date of filing of the complaint, the record does not show that counsel so advised the calendar clerk. Without this knowledge, she told him that both dates were ''agreeable'' and that if he would prepare the stipulation, Mr. Brewer would execute it. On June 28, 1957, counsel mailed to him a written stipulation restoring the matter to the trial calendar. Receiving no response, counsel telephoned him during the week of August 19th while Mr. Brewer was away from his office. Counsel wrote him again on August 25, 1957, reminding him to sign the stipulation. Receiving no reply he sent another letter on September 21, 1957. On October 2, 1957, defendants Wellington filed their motion to dismiss pursuant to section 583 of the Code of Civil Procedure on the grounds that the action had not been brought to trial within five years after the filing of the complaint and that there had been a want of prosecution. The motion was heard on affidavits and granted. The lower court entered judgment accordingly.

Appellants' main contention is that although the action was not brought to trial within the five-year period, the conduct of respondents' counsel estopped him from invoking section 583 of the Code of Civil Procedure and the trial court erred in dismissing the action. No mention having been made in appellants' brief concerning want of prosecution, one of the grounds upon which the motion was made and granted, we assume that any point in connection therewith is abandoned. However, respondents' mention of it in their brief causes us to comment briefly that the complete record not being before the court it must be presumed to support and sustain the trial court's order in that regard. (*Kinley* v. *Alexander*, 137 Cal.App.2d

382 [290 P.2d 287] ; *Valley etc. Fund* v. *L. R. Strain Plumbing etc. Co.*, 131 Cal.App.2d 432 [280 P.2d 536].) All intendments and presumptions must be indulged to support the judgment of the trial court on matters as to which the record is silent. (*Chaffin* v. *Wallace Finance Co.*, 136 Cal. App.2d Supp. 928 [289 P.2d 313].)

On the issue of estoppel, appellants claim that in reliance upon the calendar clerk's statement and the silence of Mr. Brewer, they did not move the court for a trial date within the five-year period and because of this, respondents are estopped to invoke section 583. The existence of an estoppel is a question of fact. (*Safway Steel Products, Inc.* v. *Lefever*, 117 Cal.App.2d 489 [256 P.2d 32] ; *Pike* v. *Rhinehart*, 112 Cal.App.2d 530 [246 P.2d 963].) The motion to dismiss was heard entirely on affidavits and counteraffidavits. In considering an appeal from an order granted on a motion based on affidavits and which involves the determination of a question of fact, if there is any conflict therein, those facts favoring the respondents are accepted by the reviewing court as true, and since all intendments are in favor of the ruling of the lower court, the affidavits in behalf of the successful party are deemed not only to establish the facts directly stated therein, but all facts reasonably to be inferred from those stated. (*DeWit* v. *Glazier*, 149 Cal.App.2d 75 [307 P.2d 1031] ; *Doak* v. *Bruson*, 152 Cal. 17 [91 P. 1001] ; *West Coast Securities Co.* v. *Kilbourn*, 110 Cal.App. 293 [294 P. 57].) This court will not disturb the implied findings of the trial court in the absence of a showing of a clear abuse of discretion. (*DeWit* v. *Glazier, supra; MacPherson* v. *West Coast Transit Co.*, 94 Cal.App. 463 [271 P. 509] ; *Ham* v. *County of Los Angeles*, 46 Cal.App. 148 [189 P. 462].

Under the trial court's ruling there is an implication that the facts did not constitute an estoppel, nor do we believe all of the elements of estoppel are present even though we do not approve of the conduct of Mr. Brewer, designed to result in a dismissal of the action. Viewing the affidavits in the light most favorable to respondents, it appears that counsel's primary object in talking to Mr. Brewer's calendar clerk on June 21, 1957, was to determine the open dates on his calendar for a pretrial and trial. She told him that his proposed dates were "agreeable." She had authority only to state whether or not certain dates were available but not to sign written stipulations either for setting or continuance. The usual practice was for the calendar girl to make known to the other

lawyers the dates available on the calendar and then submit the stipulations to Mr. Brewer or his associates for their signatures. The proposed stipulation was not before the lower court nor is it in the record on appeal. It is conceded, however, that no written stipulation extending the time within which the matter could be tried was executed and no negotiations for settlement were then pending. It is clear that if the operation of the statute is to be waived appellants must rely entirely upon estoppel or an oral agreement.

The record before this court is silent as to any activity in the case between June 21, 1956, and June 21, 1957, with the exception of a letter from plaintiffs' counsel dated April 29, 1957, indicating his interest in settling the matter. We must assume that appellants were no more hampered in setting the action for trial during that year than they were during the four years previous. After a year of apparent silence appellants, less than three months before the five-year period was to expire, became active in resetting the case for trial. Most law offices have a clerk designated to keep court dates and appointments in order. It is difficult to believe that any lawyer could conscientiously urge that a mere statement by a calendar clerk that a certain date was open on the calendar and was ''agreeable'' for a trial or a hearing could be construed as an agreement, binding on her employer, that a case would definitely go to trial on that day, or that he would try the case after the statutory time had expired, particularly when opposing counsel failed to advise her that the proposed date was beyond the five-year period. Certainly no ordinary calendar clerk has the authority to bind her employer's client; nor had this one, whose authority extended only to advising whether certain dates were available and keeping a specific date open for a specific purpose. Under these circumstances, knowing full well the status of his litigation, we fail to see what right counsel had to rely upon the calendar clerk's statement except to the extent that a certain date was agreeable and would be reserved for a particular hearing. Appellants seek to rely upon her statement as an oral agreement, but even if it could be construed as an oral stipulation that the matter would be tried on a certain date, such agreement surely could not bind Mr. Brewer. Nor did counsel have a right to believe that because of Mr. Brewer's silence in the matter he was willing to and would sign the stipulation. On the contrary, continued silence for three months in the face of numerous communications, the acknowledged passage of

time and the known state of the litigation should have caused any reasonable and diligent person to believe that he did not intend to sign the stipulation. The record fails to show that during the three months counsel waited he was in any way prevented from moving the court for an immediate setting. Appellants claim that during this time they received not the slightest indication that their trust in Mr. Brewer was not warranted and that he would not sign the stipulation. We wonder, after the various communications to Mr. Brewer without response, what additional would be required for appellants to suspect that no stipulation was forthcoming.

The argument that the default on appellants' part stems from counsel's misleading conduct is not persuasive. ██ The principle of estoppel appropriately applied in certain inequitable situations may sometimes furnish a proper excuse for dilatory action but the doctrine is not an omnibus defense nor is it one which will automatically afford relief when an unfortunate situation is but the result of a party's own dereliction. ██ Four things are essential for the application of the doctrine: (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury. (*Safway Steel Products, Inc.* v. *Lefever*, 117 Cal.App.2d 489, 491 [256 P.2d 32] ; 18 Cal. Jur.2d, § 5, 406, 407.)

Appellants' counsel may well have relied upon the calendar clerk's conversation with him to the detriment of his clients, but we fail to see how he had a right to do so. We find in the evidence no oral agreement between the calendar clerk and appellants' counsel binding upon Mr. Brewer and we cannot believe that appellants' counsel was ignorant of the true facts relating to the status of his litigation. The record fails to disclose facts that would justify the court in finding that all of the elements of estoppel were established. Even had the record sustained such a finding, it is clear that the law does not contemplate estoppel or an oral agreement as implied exceptions to section 583 of the Code of Civil Procedure. That section provides in pertinent part as follows:

". . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where

138

the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period. . . ."

 Appellants submit that an oral agreement or estoppel is sufficient to preclude the application of section 583 in that they constitute implied exceptions to the rule set out in the statute. We are bound by the wealth of authority that holds that the provision for dismissal after the lapse of the statutory time is mandatory. (*Superior Oil Co.* v. *Superior Court,* 6 Cal.2d 113 [56 P.2d 950]; *Meier* v. *Superior Court,* 55 Cal. App.2d 675 [131 P.2d 554]; *Douglas* v. *Superior Court,* 94 Cal.App.2d 395 [210 P.2d 853].) In the case of *Ellsworth* v. *United States Metals Corp.,* 110 Cal.App.2d 727 [243 P.2d 575, the court stated the rule at page 728: ''The provision for dismissal after the lapse of the statutory time is mandatory (citation) unless the plaintiff brings the case within one of the exceptions named in section 583 or within one of the implied exceptions engrafted on the statute by the decisions.'' Neither an oral agreement nor estoppel is expressly provided for in the statute. The implied exceptions established by various decisions all relate to situations in which for some reason it was impossible, impractical or futile to bring the action to trial. Of the many authorities reviewed, none contemplate the employment of estoppel or oral agreement to extend the statutory time. The court, in *Berger* v. *McMahan,* 116 Cal.App.2d 328 [253 P.2d 543], made this clear. There the plaintiff contended that he had been led to believe through action on the part of counsel that the matter would be negotiated and settled and therefore took no action to bring the case to trial. At page 329 the court, quoting *Bank of America* v. *Moore & Harrah,* 54 Cal.App.2d 37 [128 P.2d 623], said: ''Plaintiff first raises the question, 'Do oral stipulations have the effect of stopping the defendant from enforcing section 583, C.C.P.?' The plaintiff has not pointed out the oral stipulations referred to and none are disclosed by the record. However, the code itself provides for the mandatory dismissal of the action upon motion either of counsel or the court where such action has not been brought to trial within five years after the plaintiff has filed his action except upon the written stipulation of counsel extending the

time or where the defendant has been absent from the state or has been concealed within the state."

Appellant relies on *Cameron* v. *Cameron*, 110 Cal.App.2d 258 [242 P.2d 408], a case in which there were pending mutual bona fide efforts to compromise. In view of the entirely different factual situation involved therein and an absence of direct holding on the issue at bar, we believe the case not to be in point.

It is incumbent upon appellants to establish a clear abuse of discretion on the part of the trial court. (*Hibernia Sav. & Loan Soc.* v. *Lauffer*, 41 Cal.App.2d 725 [107 P.2d 494]; *Inderbitzen* v. *Lane Hospital*, 17 Cal.App.2d 103 [61 P.2d 514]; *St. Clair* v. *Brix*, 89 Cal.App. 94 [264 P. 307].) No abuse of discretion has been found in the record. The absence of any showing that this case falls within the statutory exception and appellants' failure to bring the cause to trial within the five-year period gave the trial court no alternative but to dismiss.

Judgment affirmed.

White, P. J., and Fourt, J., concurred.