[Civ. No. 512.   Fifth Dist.   May 20, 1965.]

PAUL D. CHAPIN, Petitioner, v. THE SUPERIOR COURT OF TUOLUMNE COUNTY, Respondent; JUNE CAROLYN MOONEY JOHANSEN et al., Real Parties in Interest.

Frad, Ruggieri & Brunn, Frad, Ruggieri, Brunn & Lacey and Thomas A. Lacey for Petitioner.

No appearance for Respondent.

Robert R. Elledge for Real Parties in Interest.

CONLEY, P. J.—Paul D. Chapin petitions for a writ of mandate requiring the Superior Court of Tuolumne County to dismiss the case of *Johansen* v. *Chapin* (numbered therein 7493), on the ground of lack of prosecution. That action was commenced on July 16, 1951; the plaintiffs did not bring the case to trial during the succeeding five-year period (Code Civ. Proc., § 583), but on the 16th day of July, 1956, a stipulation was executed and filed by the attorneys for the parties, which provided: ". . . that the time for trial of the within action may be set for some indefinite date in the future convenient to all parties, the court and counsel." Plaintiffs did not pursue the matter further. On September 29, 1964, the defendant, Paul D. Chapin, filed a notice of motion in the superior court to dismiss the case for lack of prosecution. The motion came on for hearing on the 11th day of February 1965; the court denied the motion.

As there was no right to appeal directly from that decision, the petition for writ of mandate was filed in this court; it is based on the contention that the superior court acted in

excess of its jurisdiction ". . . in view of the fact that eight years have elapsed since the date the stipulation was entered into extending the period of time for trial and approximately fifteen years have elapsed since the facts giving rise to Plaintiff's alleged cause of action occurred"; petitioner observes that if the respondent court is allowed to try the case he will be required to proceed with a trial concerning which "the evidence to be produced, the witnesses to be interviewed and subpoened [*sic*] for trial will have long since disappeared."

The real parties in interest have filed a return and points and authorities in opposition to the petition, as well as a demurrer. The petition is adequate in form and properly filed as indicated by the authorities hereinafter cited, and the demurrer is, therefore, overruled.

That a petition for a writ of mandate in an appellate court is an approved mode of proceeding is well established by the authorities. (*J. C. Penney Co.* v. *Superior Court,* 52 Cal.2d 666, 669 [343 P.2d 919]; *Bella Vista Dev. Co.* v. *Superior Court,* 223 Cal.App.2d 603, 607 [36 Cal.Rptr. 106]; *People* v. *Superior Court,* 86 Cal.App.2d 204 [194 P.2d 571].)

Section 583 of the Code of Civil Procedure in relevant part reads as follows: ". . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period. . . ."

■ While the form of the written stipulation in this case might be subject to criticism in that it does not continue the case to a date certain, or specify a definite period within which the trial must take place, or expressly state that a waiver of the provisions of section 583 of the Code of Civil Procedure is agreed to, none of the parties questions its sufficiency; concededly, the agreement among the attorneys had the effect of waiver of the original five-year period as the time within which the trial must occur. However, the mere fact that there was an agreement to try the case after the

lapse of five years was not equivalent to an effective obliteration of the policy of the state which requires timely trials. One written waiver is not effective for the entire future. (*Fisher* v. *Superior Court,* 157 Cal.App.2d 126, 131-133 [320 P.2d 894]; *Hunt* v. *United Artists Studio,* 79 Cal.App.2d 619, 622 [180 P.2d 460]; *Miller & Lux, Inc.* v. *Superior Court,* 192 Cal. 333, 337 [219 P. 1006]; *City of Los Angeles* v. *Superior Court,* 185 Cal. 405, 408 [197 P. 79].)

It was the duty of the plaintiffs in this litigation to expedite the trial; the petitioning defendant did not share this duty. (*Knight* v. *Pacific Gas & Elec. Co.,* 178 Cal.App.2d 923, 929 [3 Cal.Rptr. 600]; *Specht* v. *City of Los Angeles,* 201 Cal.App.2d 457, 462 [20 Cal.Rptr. 42]; *Gray* v. *Times-Mirror Co.,* 11 Cal.App. 155, 164 [104 P. 481]; *Gunner* v. *Van Ness Garage,* 150 Cal.App.2d 345, 347 [310 P.2d 32]; *Steinbauer* v. *Bondesen,* 125 Cal.App. 419, 426 [14 P.2d 106].)

In construing the stipulation, the ordinary rules for the interpretation of contracts apply (*Woley* v. *Turkus,* 51 Cal.2d 402, 407 [334 P.2d 12]).

It follows that while the stipulation provided for the trial of the case at a time satisfactory to the court and all of the parties, there was impliedly included the requirement that such action must be taken within a reasonable time. Section 1657 of the Civil Code in part provides:

"If no time is specified for the performance of an act required to be performed, a reasonable time is allowed."

In considering what was a reasonable time, the situation of the parties and the nature of the transaction, and the particular facts involved should be considered (*Stark* v. *Shaw,* 155 Cal.App.2d 171, 177 [317 P.2d 182]).

The reason for the stringent rules requiring dismissal in the event of failure to prosecute is the general policy of the law requiring that the courts of this state must not be called upon to enforce alleged rights unless there is timely prosecution by the persons claiming them. The most commonly utilized laws of this type are the statutes of limitation, which prescribe the times within which various claims may be validated in our courts. (34 Am.Jur., Limitation of Actions, §§ 9-14, pp. 18-25.) The same reasoning, of course, prescribes that once a suit is started it must be carried forward by the plaintiffs with reasonable celerity.

This does not mean that the five-year time limit prescribed by section 583 of the Code of Civil Procedure is

in any sense arbitrary. There are recognized excuses for a delay in prosecution, and, in some circumstances, it would be futile to proceed to trial (*Bank of America* v. *Superior Court*, 84 Cal.App.2d 34, 38 [189 P.2d 799]; *Pacific Greyhound Lines* v. *Superior Court*, 28 Cal.2d 61, 68 [168 P.2d 665]; *Ojeda* v. *Municipal Court*, 73 Cal.App.2d 226, 231 [166 P.2d 49]); the judge who rules in the lower court usually has some discretion to grant or deny a request to dismiss, and the appellate court is not inclined to intervene unless there is a manifest abuse of discretion. (*Knight* v. *Pacific Gas & Elec. Co.*, *supra*, 178 Cal.App.2d 923, 929; 2 Witkin, Cal. Procedure (1954), Proceedings Without Trial, § 48, pp. 1683-84.)

■ The burden, however, in a case of this kind is upon the plaintiffs to show any legitimate reason which may exist for delay. (*Bonelli* v. *Chandler*, 165 Cal.App.2d 267, 272-274 [331 P.2d 705]; *Raggio* v. *Southern Pacific Co.*, 181 Cal. 472, 475 [185 P. 171]; *Specht* v. *City of Los Angeles*, *supra*, 201 Cal.App.2d 457, 461; *Sedarovich* v. *Paul*, 16 Cal.App.2d 452, 454 [60 P.2d 871]; *Netzley* v. *Hillstrom*, 122 Cal.App.2d 417, 421 [265 P.2d 57]; *Gunner* v. *Van Ness Garage*, *supra*, 150 Cal.App.2d 345.) And no such showing was made here.

■ Was there a manifest abuse of discretion in this case? We feel compelled to decide that there was. We have here a stipulation which permitted a later trial on a date agreeable to all parties but within a reasonable time; the plaintiffs did nothing. ■ The policy of the State of California is firmly imbedded in the sections of the code which require timely action on the part of a plaintiff to insure the trial of an action; the greatest period of time within which a plaintiff must originally so act is fixed at five years by section 583 of the Code of Civil Procedure. Since the stipulation, an additional period of almost nine years has passed. ■ While we find it inadvisable for us to attempt to fix a minimum period following such a stipulation beyond which it would be proper for a trial court to grant a motion to dismiss, we think it entirely legitimate to hold that an additional five-year period during which a plaintiff, without excuse, has done nothing to bring the action to trial, establishes a reasonable maximum boundary that can not properly be passed. It would violate the rights of parties defendant to hold that a trial court has a legal discretion after such an additional period of five years during which a plaintiff has no excuse for delay to permit him to maintain his suit. ■ Almost 14 years have passed since the case was filed; the delay is wholly unreasonable,

and the trial court abused its discretion in refusing to dismiss the action.

It is, accordingly, ordered that a peremptory writ of mandate issue requiring the Superior Court of the County of Tuolumne to set aside the order heretofore entered which denied the petition of Paul D. Chapin to dismiss the action, and to enter an order dismissing the action on the ground of lack of prosecution.

Stone, J., concurred.

Brown (R.M.), J., deeming himself disqualified, did not participate.

A petition for a rehearing was denied June 16, 1965. Brown (R. M.), J., did not participate therein. The petition of the real parties in interest for a hearing by the Supreme Court was denied July 14, 1965. Peters, J., was of the opinion that the petition should be granted.